Pete LOWREY Jr. *v.* Lucy LOWREY

76-75                                                    538 S.W. 2d 36

Opinion delivered July 6, 1976

*William R. Wilson, Jr.,* P.A., for appellant.

*Daggett, Daggett & Van Dover,* for appellee.

CONLEY BYRD, Justice. The issue in this appeal is whether the trial court erred in awarding appellee Lucy Lowrey, as part of her property rights under Ark. Stat. Ann. § 34-1214 (Repl. 1962), a one-third interest in a pending Jones Act claim of appellant Pete Lowrey, Jr. The trial court, upon the award of divorce to appellee, awarded "as her statutory interest, one-third of all proceeds derived either by judgment or settlement from the suit of Pete Lowrey, Jr. v. Canal Barge Lines Inc." and directed appellant to execute an assignment.

We reverse the action of the trial court for the reasons set forth in *Southern Farm Bureau Casualty Insurance Company* v. *Wright Oil Company, Inc.,* 248 Ark. 803, 454 S.W. 2d 69 (1970) and *Fenney* v. *Fenney,* 259 Ark. 858, 537 S.W. 2d 367 (1976). See also *In re Schmelzer,* 350 F. Supp. 429 (S.D. Ohio 1972). Under those authorities an unliquidated personal injury claim does not constitute personal property for purposes of assignment or by operation of law in matters of bankruptcy. Consequently, we conclude that such a personal injury claim does not constitute personal property within the meaning of Ark. Stat. Ann. § 34-1214.

Appellee's suggestion that the assignability of the unli-

quidated personal injury claim was raised for the first time on appeal is not supported by the record.

Reversed and remanded for entry of a judgment not inconsistent herewith.