*In re* MARRIAGE OF REBECCA DETTORE, Petitioner-Appellant, and
DAVID DETTORE, Respondent-Appellee.
Third District  No. 79-840

Opinion filed July 25, 1980.

Lloyd H. Hammonds, of Louis E. Neuendorf & Associates, of Sandwich, for appellant.

Joseph E. Lanuti, of Lanuti & Martin, of Ottawa, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal arises from a dissolution proceeding in the Circuit Court of La Salle County. The issue presented for our review is whether a workman's compensation award received by a husband for personal injuries sustained during the marital relationship is marital property.

The parties herein, Rebecca Dettore and David Dettore, were married on February 23, 1967. Before their 12-year marriage ended two children were born, Christopher and David, Jr. Also before their marriage ended, David, Sr., was injured at his place of employment. As a consequence David, Sr., filed a claim under the Workman's Compensation Act, and sometime later Rebecca filed for dissolution of marriage. On February 14, 1979, the first stage of the bifurcated hearing was held on the petition. Following that hearing a judgment of dissolution was entered.

At the second state of the bifurcated hearing the issue was raised as to whether the pending compensation award was marital or nonmarital property. After considering the written arguments of counsel the court below filed an opinion which determined that such an award was indeed marital property. He further determined that upon the conclusion of the compensation matter the dissolution proceeding would again come before him for allocation of the compensation award.

A motion to vacate the lower court's finding was filed and before it came to hearing the original trial court judge resigned. Also during the interim the compensation case was settled for $35,000. On hearing the motion to vacate, the successor judge below determined that a workman's

compensation award is not marital property. Rebecca Dettore appeals that reconsidered position.

We recently lamented that the Marriage & Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*), being relatively new to both the bench and bar, was being defined and refined almost daily by the reviewing courts of this State. (*In re Marriage of Clearman* (1980), 85 Ill. App. 3d 584, 407 N.E.2d 189.) In *Clearman* the cases which compelled the result reached by the appellate court were not available to the court below at the time the lower court's initial decision was reached. Much the same is true of the precedents which dictate the outcome of the instant case.

In a case which deals generally with the matter of compensation awards, the appellate court held:

> "* * * it is clear that the workmen's compensation award, to the extent that it accrued and was actually paid over to the injured employee during the marriage, is marital property that it allocable in accordance with the standards set forth in the Dissolution Act. Ill. Rev. Stat. 1977, ch. 40, par. 503." (*Lukas v. Lukas* (1980), 83 Ill. App. 3d 606, 612-13, 404 N.E.2d 545, 550.)

Of course, the result in *Lukas* differs somewhat from the instant facts in that the monies were not actually "paid over" to David Dettore, Sr., until the marriage had been dissolved.

In a thoughtful and well-researched opinion, it was recently noted that Illinois courts have not yet determined whether, under the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*), a personal injury cause of action is marital property. (*In re Marriage of Smith* (1980), 84 Ill. App. 3d 446, 405 N.E.2d 884.) Yet, like the *Lukas* result, where the personal injury award has been "accrued" and "paid over," the amount is deemed to be marital property. *Gan v. Gan* (1980), 83 Ill. App. 3d 265, 404 N.E.2d 306.

From the insightful reasoning in the *Smith* opinion, as well as *Lukas* and *Gan*, it is clear that section 503 of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503) offers no special refuge for workman's compensation awards and funds of that genre. We are loathe to create such a refuge by a holding here that could lead to circumvention of the rule set down in *Lukas* and *Gan*. To the extent that a claimant can control the date of his settlement by obstinate refusal to settle and demands for ridiculous terms, the same claimant could avoid the effect of *Lukas* and *Gan* were we to determine that the "paid over" requirement was dispositive of the marital property issue. We cannot condone a result which invites workman's compensation claimants to

protract the arbitration for their award so as to shield that award from equitable division by the dissolution court. We must hold that if the claim for a compensation award accrues during the marriage, the award is marital property regardless of when received.

Today's result should not be seen as a setback or an affront to injured and disabled workers of our State. It should be recalled that the trial court is commanded by statute to consider the physical health of the parties (Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(7)) as well as their future economic prospects (Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(10)) when apportioning the marital property of the parties. Such consideration may well sustain a decision to apportion all of a workman's compensation award to the injured party. It does insure that the needs of the injured claimant will be balanced against the needs of the spouse and the children.

In light of the authorities herein cited, and after careful consideration of the oral and written arguments of counsel, we hold that a workman's compensation award is marital property if the claim thereto accrues during the marriage. That being the case, the decision of the court below is reversed and the cause remanded for a division of the marital property consistent with the views expressed herein.

Reversed and remanded.

BARRY and STENGEL, JJ., concur.