SMITH v SMITH

Docket No. 55815. Submitted December 8, 1981, at Grand Rapids.—
Decided February 3, 1982.

Mary E. Smith was granted a divorce from James A. Smith,
Isabella Circuit Court, David E. Burrows, J. She appeals, alleg-
ing that the property settlement was inequitable. *Held:*

The trial court properly included the plaintiff's workers'
compensation claim in the marital assets. Although pending,
sufficient evidence was presented to establish a value for the
claim. Even allowing for a reduction in this value by the
statutory provision for attorney fees, the plaintiff's share of the
assets is comparable with the defendant's.

Affirmed.

1. Divorce — Division of Property — Appeal.

A trial court in an action for divorce has wide discretion in
adjusting the rights of the parties in the marital property, and
the Court of Appeals will not reverse a property award unless
it is convinced that it would have reached a different result had
it occupied the trial court's position; the division of property
need not be equal, so long as it is fair.

2. Divorce — Marital Assets — Workers' Compensation Benefits
— Modification of Settlements.

A workers' compensation claim may be included as part of the
marital assets in a divorce action, even where pending, by
applying its redemption value; should that value prove to be
greater or lesser than any amount eventually recovered, a
motion may be made to modify the settlement.

*Garbrecht & Hentchell,* for plaintiff.

*William R. Rush,* for defendant.

References for Points in Headnotes
[1] 24 Am Jur 2d, Divorce and Separation § 925.
[2] 24 Am Jur 2d, Divorce and Separation § 721.

Before: T. M. Burns, P.J., and R. B. Burns and M. J. Kelly, JJ.

Per Curiam. Plaintiff Mary Smith appeals from the court order dividing marital property after her divorce from defendant James A. Smith.

The Smiths were married on May 30, 1964, and had two minor children at the time of trial. In 1969, Mr. Smith was disabled by an injury received at work and has been unable to return to regular employment. As a result of his disability, defendant receives $498 a month in social security disability benefits. He also receives an additional $137 each month for each child, and he earns approximately $100 a month from occasional jobs. Defendant's total monthly income is around $872.

When the parties separated, defendant remained in the marital home with the children, while plaintiff rented another residence. At the time of trial, plaintiff was employed, earning between $300 and $400 a month. She was also in the process of litigating a workers' compensation claim arising out of a previous employment. Her prior employer had offered to redeem the claim for $16,000, which, upon advice of counsel, plaintiff rejected as too low.

During trial, evidence was introduced showing that the parties owned a home valued at $31,500 which had a $20,000 mortgage lien. The parties also owned 13 acres of land valued at $6,000. Two acres of this land were sold on land contract, and the proceeds from the sale were being used to pay off the mortgage on the 13 acres. The parties also owned a van valued at $2,000 and an Oldsmobile automobile, value unknown. Finally, the plaintiff's sister owed the parties $600 from a loan they had extended to her. Against these assets, the parties

owed $2,500 on the van and approximately $1,975 in miscellaneous debts.

The trial court awarded custody of the children to Mr. Smith, and plaintiff was ordered to pay $15 per week for the children's support. Mrs. Smith was awarded the sole right to her workers' compensation claim. Mr. Smith received the marital home and household goods contained therein. Plaintiff received sole right to the $600 due from her sister and the Oldsmobile. Defendant received the van, subject to the lien thereon. Mr. Smith also received the acreage subject to a $1,000 lien in favor of plaintiff. He was ordered to assume the outstanding debts of the marriage.

On March 17, 1981, plaintiff moved to reduce the child support payments. Her motion was granted, the support payments being reduced to $5 per week for the children's support. Plaintiff appeals, claiming that the property settlement was inequitable.

The trial court has wide discretion when adjusting the property rights of the parties to a divorce. *Kendall v Kendall,* 106 Mich App 240, 244; 307 NW2d 457 (1981). This Court will not reverse a trial judge's property decision unless it is convinced that, sitting in the lower court's position, it would have reached a different result. *McLain v McLain,* 108 Mich App 166, 168-169; 310 NW2d 316 (1981). The division of the property need not be equal, so long as it is fair. *Id.,* 169.

Initially, plaintiff argues that the trial court erred when it included her workers' compensation claim as part of the marital assets. In *Evans v Evans,* 98 Mich App 328; 296 NW2d 248 (1980), *lv den* 410 Mich 884 (1981), the plaintiff filed for divorce, and, while awaiting trial, he was injured at work. Prior to his divorce being finalized, he

redeemed his workers' compensation claim for $5,176. In the judgment of divorce, the trial court included this amount as part of the marital assets. Plaintiff appealed, claiming his workers' compensation redemption should not have been included in the marital assets. This Court affirmed the judgment stating:

"Since the Worker's Disability Compensation Act was enacted to assist both the worker and his dependents, *i.e.,* his spouse, we conclude that such benefits received during the course of the marriage should be considered a marital asset." *Id.,* 330.

The present case is similar to *Evans.* Plaintiff's injury occurred during the marriage, and the $16,-000 redemption offer also was made during the marriage. While plaintiff did not redeem the claim while married, she chose not to because her attorney convinced her that she could recover more than the $16,000. Since the Worker's Disability Compensation Act was promulgated to assist both the worker and her spouse, the trial court did not err when it included the compensation as part of the marital assets.[1]

Plaintiff also alleges that if the workers' compensation claim was properly included as a marital asset, the property settlement was still unfair. Plaintiff argues that the $16,000 redemption evaluation must be reduced by 25% for attorney fees.[2] Accepting plaintiff's figure of 25% attorney fees,

---

[1] Plaintiff may move to modify the property settlement should her workers' compensation claim prove to be less than the anticipated $16,000. A property settlement provision of a divorce decree or judgment may be set aside, modified or altered if a party can show fraud, duress, or mutual mistake, or for such cause as any other final decree may be modified. *Keeney v Keeney,* 374 Mich 660, 663; 133 NW2d 199 (1965).

[2] It should be noted that if plaintiff redeems her claim, her attorney fees cannot exceed 15% of the settlement. 1979 AC, R 408.44.

this would leave plaintiff with an award of $12,-000. To this figure we must add the $1,000 lien, the $600 loan, and the Oldsmobile. Therefore, plaintiff received marital assets of approximately $13,600. Defendant received a $31,500 home, property valued at $6,000 and a van valued at $2,000. Against these assets, defendant was responsible for a $20,000 mortgage, a $2,500 loan on the van, $1,000 lien to Mrs. Smith and $1,975 in miscellaneous debts. Considering the assets and liabilities, defendant received $14,025 in marital assets. Reviewing the property settlement as a whole, we cannot say that the trial court erred when it formulated the settlement.

Affirmed.