Benny Jack BRAMLETT *v.* Sharon BRAMLETT

CA 81-246                                          636 S.W.2d 294

Court of Appeals of Arkansas
Opinion delivered June 23, 1982
[Rehearing denied August 18, 1982.]

218

*Floyd Clardy* of *Boswell & Smith, P.A.*, for appellant.

*Hall, Tucker & Lovell*, by: *John F. Lovell, Jr.*, for appellee.

JAMES R. COOPER, Judge. Appellant and appellee were divorced by the Saline County Chancery Court on August 14, 1981. The decree of divorce provided that appellee was to have the use of the parties' house until specific events occurred, and upon their occurrence the house was to be sold, the mortgage paid, and the balance divided equally. Appellant was ordered to make the mortgage payment on the house during the period of time in which appellee and the minor children occupy it. That payment is $197.00 per month. Appellant sought an order modifying the decree to provide that his equity in the house should be fixed as of the

date of the decree, and that he should receive credit for one-half of the mortgage payments made on the principal amount of the mortgage after the date of the divorce decree. The trial court declined to modify the decree. From that decision, comes this appeal.

Appellant argues that the equity in the parties' house should have been divided at the time of the divorce decree. Testimony was presented which indicated that the market value of the house was $28,500.00, and that the principal amount owed on the mortgage was $14,005.76. Appellant argued that his equity should have been set at $7,247.12. This argument is obviously without merit. Economic conditions might very well result in the house being sold in the future for more or less than its appraised value as of the date of the divorce decree. The date of the sale is uncertain and may be many years in the future. To fix appellant's share of the equity based on market value as of 1981 could very likely result in a highly unequal distribution of the net proceeds of the sale of the house, whenever it is sold.

Appellant further argued that, under the terms of the divorce decree, appellant will be making payments in the future which will serve to increase appellee's interest in the real property. His theory is that this is not an equal division of the marital property held as tenants by the entirety as required by *Warren v. Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981).

In the *Warren* case, the Arkansas Supreme Court discussed the division of marital property in divorce cases. General marital property is divided pursuant to Ark. Stat. Ann. § 34-1214 (Supp. 1981), and the court can take into consideration eight variables in dividing the general marital property. Act 705 of 1979, codified as Ark. Stat. Ann. § 34-1214 (Supp. 1981), is not applicable to property owned as tenants by the entirety. The division of such property is controlled by Ark. Stat. Ann. § 34-1215 (Supp. 1981). *Warren, supra.*

Under Ark. Stat. Ann. § 34-1215 (Supp. 1981), the tenancy by the entirety was properly divided equally be-

tween appellant and appellee as tenants in common. The divorce decree provides that on sale of the house, the remaining mortgage will be paid from the proceeds and the balance divided equally. The only question is whether the appellant should receive credit for one-half of the mortgage payments made after the date of the divorce decree.

The chancellor stated that he had taken into consideration the fact that the husband would be making the entire mortgage payment, when the child support figure was set. The chancellor had the obligation to look at all the circumstances of the parties and to determine an amount which the appellant could pay and which would allow for reasonable support of the minor children. We cannot say that the court abused his discretion in requiring payment of the mortgage payment by the appellant, and in considering that factor when he set child support.

We note that the chancellor did not make specific findings as to the amount that he would have set for child support, but for the requirement that appellant make the mortgage payment. Detailed findings as to how the chancellor arrived at the child support figure, and the relationship between that figure and the requirement that one party pay the mortgage payment would be preferable in cases such as this. The chancellor obviously considered the arrangement concerning the mortgage payment when he set child support, and there is no appeal concerning the amount of child support.

Affirmed.