Billy Don MORRISON, Sr. *v.* Beverly Rose MORRISON

85-35                                    692 S.W.2d 601

Supreme Court of Arkansas
Opinion delivered July 1, 1985

*Tucker & Thrailkill,* by: *Danny Thrailkill,* for appellant.

*Wilson, Engstrom & Corum,* for appellee.

ROBERT H. DUDLEY, Justice. The issue on appeal is whether a spouse's disability retirement benefits are marital property under Ark. Stat. Ann. § 34-1214 (Supp. 1983). We affirm the trial court and hold that disability retirement benefits are marital

property. Jurisdiction is in this Court to interpret the statute at issue. Rule 29(1)(c).

During the marriage, appellant, Billy Don Morrison, Sr., worked at various jobs until November, 1965, when he was employed by the Los Angeles Fire Department. In 1976, a cyst was discovered on his knee. The cyst was surgically removed, but a disabling infection developed. In December, 1977, the retirement board found that appellant had suffered a 78% permanent physical impairment to his knee and that he must retire. He was awarded disability retirement benefits of $1,165.00 per month. Those monthly benefits are the subject of this appeal. During his period of employment with the Los Angeles Fire Department appellant contributed 11% of his salary, or $21,000.00 to the retirement fund.

The appellee, Beverly Rose Morrison, worked at various jobs intermittently during the marriage, but was unemployed at the time this case was heard.

In *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), a longevity retirement benefit case, we stated:

> In holding that Dr. Day's interest in the pension plan is properly found to be marital property in this case, we are not attempting to lay down inflexible rules for the future. To the contrary, Section 34-1214 allows leeway for the exercise of the chancellor's best judgment, for it provides that all marital property shall be divided equally "unless the court finds such a division to be inequitable." What we do hold is simply that earnings or other property acquired by each spouse must be treated as marital property, unless falling within one of the statutory exceptions, and neither one can deprive the other of any interest in such property by putting it temporarily beyond his or her own control, as by the purchase of annuities, participation in a retirement plan, or other device for postponing full enjoyment of the property.

*Id.* at 268, 663 S.W.2d at 722.

Appellant concedes that *Day* is the general rule for longevity retirement benefits but argues that disability benefits are compensation for impairment to one's body and are not in the

nature of an asset acquired during the marital relationship. The fallacy in the argument is that the benefits come from an annuity purchased during the marriage with the income of one spouse. That annuity, which became payable upon disability, is the marital property. There is no meaningful distinction between an annuity payable upon disability and one payable upon longevity.

Appellant next argues that *Day* is distinguishable because Dr. Day's annuity was based solely upon his contributions to the fund, while in this case the pension fund regulations required that appellant's annuity be paid first out of his payments into the fund and then out of a general fund. We do not find the distinction meaningful. The benefits in the case at bar are paid out of one's own contributions plus the contributions of all others who are not disabled. That part paid out of appellant's contributions is precisely the same as in *Day*. That part paid out of the general fund is, in effect, paid by a mutual assessment program. We recognize that the California Courts have adopted an analysis of disability benefits by which the benefits are divisible as marital property only to the extent that they match the benefits the employee would have received if his retirement had been based on longevity. The overplus is the separate property of the disabled spouse. *See Marriage of Jones*, 119 Cal.Rptr. 108, 531 P.2d 531 (1975); *Marriage of Stenquist*, 148 Cal.Rptr. 9, 582 P.2d 96 (1978); *Marriage of Webb*, 94 Cal.App.3d 335, 156 Cal.Rptr. 334 (1979); *Marriage of Mason*, 93 Cal.App.3d 215, 155 Cal.Rptr. 350 (1979); and *Marriage of Milhan*, 166 Cal.Rptr. 533, 613 P.2d 812 (1980).

Illinois has a statute almost identical to the Arkansas statute at issue. Compare Illinois Marriage and Dissolution Act, Ill. Rev. Stat. Ch. 40, Sec. 503(a) (1980) and Ark. Stat. Ann. § 34-1214 (Supp. 1983). In construing the Illinois statute in the same manner we construe the Arkansas statute, the Appellate Court of Illinois, Third Division, in *In Re Marriage of Smith*, 84 Ill.App.3d 446, 405 N.E.2d 884 (1982) stated:

> . . . As the subject disability pension does not expressly fall into an excepted category, it constitutes marital property if it can be categorized as property acquired during the marriage . . .

Further, in rejecting the concept of overplus being the

separate property of the disabled spouse the Illinois court wrote:

> . . . We recognize the analytical contribution of those courts distinguishing disability benefits on the basis of some form of the compensatory element but do not believe the framework of statutory law in Illinois offers us the flexibility of that approach. Section 503(a) of the Illinois Marriage and Dissolution Act (hereinafter the Act) mandates the characterization of all non-excepted property as marital property, and as previously mentioned, longevity pensions constitute marital property in Illinois. The disability pension at bar differs from such longevity pension only in its compensatory element, its mode of inception and possibly its duration. Given the classificatory directive of section 503(a) we hold the disability benefits at bar to similarly constitute marital property.

Likewise, the Arkansas statute does not offer the flexibility of the California approach since our statute simply mandates that all non-exempted property is marital property.

Additionally, appellant contends that *Day* should be distinguished because Dr. Day's contributions to the annuity were voluntary while appellant's contributions were mandatory. Under our statute, marital property is marital property whether it is voluntarily or involuntarily acquired.

Appellant next argues that a holding that the disability retirement benefits are marital property is inequitable because each spouse will have one-half of the benefits and only one of them is disabled. Under our statute, the chancellor had the discretion to make a division other than equal if an equal division was unfair. Here the chancellor first pointed out that had appellant's medical impairment been more severe, it would have been unlikely that the court would have awarded appellee one-half of the disability pension. The chancellor then considered the fact that appellant was a self-employed farmer and appellee was unemployed without other income and divided the pension equally. We cannot say the decision was clearly erroneous.

Affirmed.

PURTLE, J., dissents.

GEORGE ROSE SMITH, J., not participating.

JOHN I. PURTLE, Justice, dissenting. I strongly disagree with the majority opinion in treating disability benefits as marital property. In the first place they are not acquired insofar as future benefits are concerned. It is our fault that the chancellor ruled as he did although we have not previously so held. In *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984) we did hold that earned retirement benefits were marital property. However, in *Day* we were able to place an exact dollar and cents valuation on the retirement benefits awarded to the spouse. Contributions to the retirement plan in *Day* had been made from marital funds.

Disability benefits are as personal as property can be. They represent payment to the disabled person for having part of his or her physical or mental ability taken away. To show the unjust and inequitable results, suppose a 25 year-old spouse receives injuries resulting in that person becoming a quadriplegic and the healthy spouse obtains a divorce and is awarded half the disability benefits the injured spouse is receiving. Possibly half the benefits will not be enough to keep the invalid spouse alive. In such a case the state would be left with the burden of maintaining the injured party. Suppose the healthy spouse then remarries and also continues gainful employment, earning even more than the injured party receives. The healthy ex-spouse receives all his earnings plus half the former spouse's benefits and possibly the new spouse may earn even more than either of the others.

Furthermore if the remarried spouse dies then his heirs are owners of half the disability payments due the injured party. If we simply acknowledged these benefits have not been acquired there is no problem. The common sense and equitable approach is to treat disability benefits as income when received. Such benefits should be considered when making awards for support and alimony.

Even before this court has decided the issue some trial courts are treating such benefits as property on hand. It is true the statute does not require the property to be divided equally and we have pointed out that provision in our opinions. We should now correct any erroneous impressions our opinions have created. Trial courts should not mechanically divide disability benefits between the parties as if they were certificates of deposit.

If we are going to award half of the injured spouse's disability benefits to the other we may as well go ahead and award half the social security benefits which are apt to be received during the lifetime and add half the burial insurance too.

What difference does it make in taking the income from disability benefits from a person if the state is a community property state or one that is in all practicality one? There are many decisions from community property states which do not treat disability benefits as marital property. See *Bugh* v. *Bugh*, 125 Ariz. 190, 608 P.2d 329 (Ariz. App. 1980) and *Hicks* v. *Hicks*, 546 S.W.2d 71 (Tex. Civ. App. 1976). I see no reason why *Lowrey* v. *Lowrey*, 260 Ark. 128, 538 S.W.2d 36 (1976) is not still good law. In *Lowrey* we held that unliquidated personal injury benefits were not properly divided in divorce actions.

We stated in *Potter* v. *Potter*, 280 Ark. 38, 655 S.W.2d 382 (1983), and *Day* v. *Day*, supra, that benefits or claims not yet received were not exempt from being classified as marital property if acquisition were delayed with the intent to deny the other spouse his just benefits. In the present case the non-injured spouse will not contribute in any manner in obtaining future disability benefits. It is neither just nor equitable to award the healthy spouse, who is able and qualified to work, half the payments the injured party is receiving for disability and pain and suffering.

If there is ever justification for judge-made law this is not the case for it. I would reverse and remand with directions to consider such benefits in awarding alimony or support.