Joseph E. GOODE *v.* Faye GOODE

85-29                                                          692 S.W.2d 757

Supreme Court of Arkansas
Opinion delivered July 15, 1985

*Saxton & Ayres*, for appellant.

*Jake Brick*, for appellee.

DAVID NEWBERN, Justice. In this divorce case the central issue is whether a workers' compensation claim resulting from an injury which occurred during marriage, but which was not adjudicated or paid at the time the divorce was rendered, was subject to division as marital property pursuant to Ark. Stat. Ann. § 34-1214 (Supp. 1983). As this is a statutory interpretation question, our jurisdiction arises from Arkansas Supreme Court and Court of Appeals Rule 29. 1. c.

The parties were married in 1968. The appellant suffered a work-related injury in October, 1982, and he filed a Tennessee workers' compensation claim in May, 1983. The workers' compensation hearing was set for July 5, 1984, but it remained unadjudicated when the divorce decree was rendered after a hearing which occurred on August 6, 1984.

The chancellor took under advisement the question whether the pending claim was marital property. After receiving briefs from the parties he ruled and ordered on October 17, 1984, that the claim was marital property to be divided equally between the parties pursuant to § 34-1214.

In his order the chancellor recited his finding that the appellant had refused a $10,000 offer to settle his claim. He ordered that upon receipt of a settlement or other payment of the claim the appellant would pay one half of it to the appellee.

Section 34-1214(B) provides that all property acquired by either spouse subsequent to the marriage is marital property. Prior to our decision in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), our decisions were that unless an asset were

"fully distributive" during the marriage it did not qualify as marital property. In *Day* v. *Day*, however, we recognized that our prior holdings were incorrect because they failed to note the statute's requirement that *all* property acquired subsequent to the marriage is marital property. Our position, announced in *Day* v. *Day*, was that a retirement pension which was vested but not to be paid out as an annuity until an indefinite future date was more than a mere expectancy. We noted and followed this language from *Re Marriage of Brown*, 15 Cal. Rpt. 633, 544 P.2d 561 (1976): ". . . the defining characteristic of an expectancy is that its holder has no *enforceable right* to his beneficence."

It is clear in this case that an enforceable right to workers' compensation benefits accrued to the appellant subsequent to the marriage and prior to its termination.

The cases cited by the appellant as ones having dealt with division of workers' compensation benefits upon divorce are, without exception, from community property jurisdictions. The rationale used generally in such jurisdictions is that an award compensating an injured worker for lost earning capacity during the marriage is property of the marital community, but that to the extent it is for lost earning capacity after divorce, it is the separate property of the injured spouse. *See Bugh* v. *Bugh*, 125 Ariz. 190, 608 P.2d 329 (1980); *Hicks* v. *Hicks*, 546 S.W.2d 71 (Tex. Civ. App. 1976).

Arkansas, by contrast, is one of the common law property jurisdictions which have adopted an equitable distribution scheme for property upon divorce. A survey of the law on whether workers' compensation benefits constitute marital property was conducted in Note, 10 N.Ky.L.Rev. 531 (1983). The note's author concluded that:

> In the few common law property states which have squarely met this issue, there is unanimous agreement that the pending claim is subject to equitable division as marital property. No allowance is made for any portion which may represent post-dissolution earnings. [Footnote omitted.]

The cases cited for that statement are: *Smith* v. *Smith*, 113 Mich. App. 148, 317 N.W.2d 324 (1982); *In re Marriage of Dettore*, 86 Ill. App. 3d 540, 408 N.E.2d 429 (1980); and *Hughes* v. *Hughes*,

132 N.J. Super. 559, 334 A.2d 379 (1975). To those cases can be added: *Johnson* v. *Johnson*, 638 S.W.2d 703 (Ky. 1982), and *Quiggins* v. *Quiggins*, 637 S.W.2d 666 (Ky. App. 1982).

The appellant also cites *Lowery* v. *Lowery*, 260 Ark. 128, 538 S.W.2d 36 (1976), in which we held that an unliquidated personal injury claim was not personal property for the purpose of property division under the former § 34-1214. That decision relied on cases holding such a claim was not considered personal property in bankruptcy proceedings. As that case was decided well before our statute was changed to emphasize that all property acquired subsequent to marriage is marital property, we need no longer follow it.

■ As in *Day* v. *Day, supra,* our ruling that the chancellor was correct in this case would hardly mean that in every case workers' compensation awards accrued during marriage would have to be divided equally. To the contrary, they may be divided as the chancellor sees fit upon application of the criteria stated in § 34-1214(A)(1). Some of them are: age, health,. occupation, amount and sources of income, and vocational skills. Obviously the chancellor will be able to consider the effect of the injury which gave rise to the claim upon the needs of the injured worker.

■ The *Dettore* case, *supra,* contains the following language which may have furnished the chancellor's reason for emphasizing the unaccepted settlement offer in this case:

> We cannot condone a result which invites workmen's compensation claimants to protract the arbitration for their award so as to shield that award from equitable division by the dissolution court. We must hold that if a claim for a compensation award accrues during the marriage, the award is marital property regardless of when received.

■ It might be argued that pension cases such as *Day* v. *Day, supra, Gentry* v. *Gentry,* 282 Ark. 413, 668 S.W.2d 947 (1984), and *Morrison* v. *Morrison,* Case No. 85-35, July 1, 1985, are distinguishable from the case before us because contributions were made by at least one spouse during the marriage to assure the future pension payments which were held to be marital property in those cases. That argument, however, ignores § 34-

1214 which makes no general distinction as to the manner in which any item of property is acquired. The statute does make some specific exceptions to its requirement that all property acquired subsequent to marriage be considered marital property, and some exceptions, *e.g.*, property acquired by gift, bequest, devise or descent, are based on the property's origin immediately before it comes to a spouse. Workers' compensation claims are not so excepted. *See* § 34-1214(B)(1).

We cannot distinguish from the workers' compensation claim involved here the disability pension involved in *Morrison* v. *Morrison, supra.* Nor can we distinguish *Morrison* v. *Morrison* from the longevity pension in *Day* v. *Day, supra.* To make such distinctions would not only be contrary to the authorities which have decided this question, but it would be a too restrictive interpretation of the term "all property."

Affirmed.

Chief Justice HOLT and Justices HICKMAN and PURTLE dissent.

JOHN I. PURTLE, Justice, dissenting. The chancellor treated appellant's unliquidated workers' compensation claim for permanent partial disability benefits as marital property and divided the unliquidated claim pursuant to Ark. Stat. Ann. § 34-1214 (Supp. 1983). Appellant argues that the claim was not marital property, and I agree with him.

The chancellor held that Act 705 of 1979 created a new concept of marital property and that appellant's pending workers' compensation claim constituted marital property within the meaning of the Act. In making the award the chancellor noted that no distinction had been made regarding which portions of the pending claim were related to future medical, lost earnings, both past and future, and permanent disability. Since no distinction was made in the claim for permanent disability benefits the court held the entire claim would be treated as marital property. The only question presented to this court is whether an unliquidated claim by an injured employee for permanent partial disability benefits is marital property when a divorce is granted prior to receipt of the benefits claimed. There is no appellate decision in Arkansas on this exact issue and we must therefore construe the

statute as it relates to this issue.

Act 705 is an attempt to clarify the meaning of marital property and in pertinent parts states:

> (b)   For the purpose of this statute "marital property" means all property acquired by either spouse subsequent to the marriage except:
>
> (1)   Property acquired by gift, [etc.] . . . ;
>
> (2)   Property acquired in exchange . . . ;
>
> (3)   Property acquired by a spouse after a decree of divorce from bed and board;
>
> (4)   Property excluded by valid agreement . . .
>
> (5)   The increase in value of property acquired prior to the marriage.

All property acquired during the marriage, except as above stated, is marital property. An unliquidated claim for damages is not one of the exceptions. The majority is now adding "or to be acquired" to the word acquired. In *Potter* v. *Potter*, 280 Ark. 38, 655 S.W.2d 382 (1983), we held that in order for property to be treated as marital property it must have been acquired during the marriage. In the case of *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), we restated our position on marital property. In doing so we reviewed all our cases since the passage of Act 705. We treated such matters as pensions, annuities, IRAs and contingent funds which had no loan value and could not be transferred. In *Day* we did award the wife a half interest in her husband's pension plan although he could not hypothecate it at the time nor was he eligible to commence drawing benefits. The fund had a value of $95,425.03 at the time of the divorce and had accumulated during the 29 year marriage through monthly contributions from the husband's salary and equal contributions from the employer. We specifically noted that any contributions to the plan made by Dr. Day after the divorce would not be treated as marital property.

Appellant cites *Lowrey* v. *Lowrey*, 260 Ark. 128, 538

S.W.2d 36 (1976), as supportive of his argument. The court in *Lowrey* stated: "Consequently, we conclude that such a personal injury claim does not constitute personal property within the meaning of Ark. Stat. Ann. § 34-1214." The appellee contends that the reasoning in *Lowrey* is no longer followed and cites *Day* as authority. I do not think either *Lowrey* or *Day* are controlling but I do consider the reasoning in both.

Act 705 did not create any new type of property. It merely provided for a pattern of distribution of property upon the dissolution of a marriage. Workers' compensation and personal injury claims were not specifically mentioned in the Act. The Texas Court of Civil Appeals has held that a claim for future workers' compensation benefits is not community property because the Texas Workmens' Compensation Act prohibits assignment. *Hicks* v. *Hicks*, 546 S.W.2d 71 (1976). A provision of the Arkansas Workers' Compensation Act, Ark. Stat. Ann. § 81-1321 (Repl. 1976), provides that such benefits are not assignable and are not subject to garnishment, levy, attachment, execution or other legal process.

Authorities are divided upon the issue of payment of future workers' compensation benefits to the ex-spouse. The Arizona Court of Appeals, in *Bugh* v. *Bugh*, 125 Ariz. 190, 608 P.2d 329 (1980), stated their rule as follows:

> We hold that workmen's compensation benefits paid to the injured worker after the dissolution of the worker's marriage for injuries received during the marriage are the separate property of the worker after the dissolution.

It is fair to state that the majority rule is that workers' compensation benefits are divisible property if received during the marriage. 10 N. Ky. L. Rev. 531 at 544. The benefits here certainly were not received during the marriage.

The appellant's outstanding claim is for permanent partial disability, which means he has a diminished earning capacity in the future. When such claim is awarded it is due and payable weekly unless the claimant and the carrier jointly petition the claim in which event it is paid in a lump sum. In either event the amount received by the injured worker represents payment for future losses. The appellant received temporary total disability

prior to the divorce and that money, representing a percentage of lost wages, was evidently used in the same manner as were his regular wages. The claim benefits received during the marriage are not in issue here.

A good example of the unfair prejudice the majority creates by the opinion would be when a couple marry and the next week one of them is injured in an accident covered by Workers' Compensation and is disabled for life. The other spouse then decides to get a divorce and is awarded half the funds to be received by the injured party. The uninjured ex-spouse then remarries a person who is financially sound and earns a good salary. The ex-spouse is also employed at a salary far greater than the benefits being received by the injured party. The only way to prevent this type situation from occurring is to hold that such funds are simply income to the injured party.

I would reverse.

HOLT, C.J., and HICKMAN, J., join in this dissent.