Lynette McDONALD *v.* Joe Edward McDONALD, Sr.

CA 85-338 716 S.W.2d 788

Court of Appeals of Arkansas
Division II
Opinion delivered October 1, 1986

*Henry C. Morris,* for appellant.

*Mickey Buchanan,* for appellee.

TOM GLAZE, Judge. The issue in this divorce case involves the settlement proceeds resulting from the appellee's injury when he was employed by Kansas City Southern Railway Company. Appellant and appellee were married at the time of appellee's injury and settled their claim with appellee's employer for $250,000.00. At the time of the divorce, $110,000.00 of the initial lump-sum payment was in a certificate of deposit in the names of "Mr. or Mrs. Joe McDonald, Sr.," and two additional separate installments of $50,000.00 each were to be subsequently paid.

The chancellor found that the certificate of deposit and the two future installments were marital property within the meaning of Ark. Stat. Ann. Section 34-1214 (Supp. 1985), but he divided these proceeds unequally. He awarded appellant $25,000.00 of the certificate of deposit, and appellee was given the balance of the certificate of deposit as well as the two installments. In making the division, the chancellor stated that he considered all the factors set out in Section 34-1214(A)(1) and specifically looked at the severity of appellee's injury and the unlikely prospects for his future employability compared with the health and ability of appellant to work.

■■ We disagree with the chancellor with respect to the question of the division of the $110,000.00 certificate of deposit. Ark. Stat. Ann. Section 67-552(C) (Supp. 1985) provides that, if a certificate of deposit is in the names of persons who denominate themselves to the banking institution as husband and wife, then such certificate of deposit and all additions thereto shall be the property of such persons as tenants by the entirety. As previously

noted, that was the situation here since the parties' certificate of deposit was titled in the names of "Mr. or Mrs. Joe McDonald, Sr." Because the parties' certificate of deposit was held as tenants by the entirety, it was required to be divided pursuant to Ark. Stat. Ann. Section 34-1215 (Supp. 1985). That statute provides that, when any chancery court renders a final decree of divorce, any estate by the entirety in real or personal property held by the parties to the divorce shall be automatically dissolved, and parties shall be treated as tenants in common.

The supreme court, in *Warren* v. *Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981) set out the rule for the division of property held as tenants by the entirety. The court stated:

> We have traditionally recognized two categories of property in divorce cases. One category has been divided pursuant to the general property division statute which has been codified as Ark. Stat. Ann. Section 34-1214 in the 1947 publication, the 1962 replacement and the various supplements prior to 1979. The other category, property held in tenancies by the entireties, has never been divided pursuant to the general property division statute.
>
> . . .
>
> By Act 340 of 1947, Ark. Stat. Ann. Section 34-1215 (Repl. 1962), the General Assembly gave courts the authority to convert marital survivorship estates to a tenancy in common. . . .
>
> . . .
>
> This statute is the only authority for dividing estates by the entirety, and it provides for the equal division of property without regard to gender or fault. . . .
>
> . . .
>
> We hold that Act 705 of 1979, Section 34-1214 (Supp. 1979), is not applicable to property owned as tenants by the entirety.

*Id.* at 530-34. *See also Bramlett* v. *Bramlett*, 5 Ark. App. 217, 636 S.W.2d 294 (1982); *Askins* v. *Askins*, 5 Ark. App. 64, 632 S.W.2d 249 (1982).

■ On *de novo* review in chancery cases we do not reverse unless we find the chancellor's findings of fact and conclusions of law to be erroneous, and when we do find error and the record is fully developed where we can plainly see where the equities lie, we do not remand for further proceedings but enter here the decree which ought to have been entered by the chancellor. *Beeson v. Beeson*, 11 Ark. App. 79, 667 S.W.2d 368 (1984); *see also Ferguson v. Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). In accordance with the clear directives in *Warren*, we hold that the $110,000.00 certificate of deposit should have been divided equally and modify the decree to direct the equal division of that certificate between the parties.

Appellant contends that she also is entitled to half of the two installments of $50,000.00 remaining to be paid on the parties' claim for appellee's injury. We hold that *Liles v. Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986) is controlling here. In *Liles*, the appellant argued that the chancellor erred in classifying appellant's personal injury settlement as marital property. As in the present case, a portion of the award in *Liles* had been paid to appellant at the time of the divorce, and the remainder was to be received in future installments. The Arkansas Supreme Court, in upholding the chancellor's decision that such funds constitute marital property, stated:

> The appellant contends we should be guided by our decision in *Lowery v. Lowery*, 260 Ark. 128, 538 S.W.2d 36 (1976), in which we held that a Jones Act claim was not "personal property" and thus was not subject to division pursuant to the predecessor of the current Ark. Stat. Ann. Section 34-1214 (Supp. 1985). In *Goode v. Goode*, 286 Ark. 463, 692 S.W.2d 757 (1985), we noted that *Lowery v. Lowery, supra*, no longer governs with respect to the question whether a personal injury judgment could be marital property, as it was decided long before the landmark case of *Day v. Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), where we emphasized that all property acquired by either spouse subsequent to marriage becomes marital property unless it is specifically excepted by the statute. Moreover, in *Lowery v. Lowery, supra*, we were considering whether a wholly unliquidated Jones Act claim was subject to the marital rights of the spouse of the

claimant upon divorce. Here, the claim is liquidated, but part of the judgment is to be received in the future pursuant to the structured settlement. The amount to be received from Aetna is more "liquidated" than was the workers' compensation claim we held to have been marital property in *Goode v. Goode, supra.*

Nor does it concern us that some of the money comprising the judgment may have been to compensate Tommy for the harm to his body, as opposed to lost wages and medical expenses. We pointed out in *Goode v. Goode, supra,* that the chancellor may take into consideration the health of the parties in dividing marital property in accordance with the statute.

*Id.* at 168-69.

In view of *Liles,* the chancellor here clearly was correct in finding the two future installments marital property, which leads us to appellant's final argument: whether the chancellor properly considered the factors under Section 34-1214(A)(1) in awarding those installments unequally, *i.e.,* entirely to appellee. We hold that he did. '

In *Jones v. Jones,* 17 Ark. App. 144, 705 S.W.2d 447 (1986), we upheld when the chancellor, in dividing marital property unequally, stated he was relying on the reasons cited in Section 34-1214(A)(1), and stated the main reasons were that it was appellee who contributed to the acquisition of her own pension plan and individual retirement account, and appellant was able to support himself. Here, as pointed out earlier, the chancellor recited the factors set forth in Section 34-1214(A)(1), and particularly mentioned the severity of appellee's injury and the likelihood he would not work again while appellant maintained her ability to work. We believe the chancellor's analysis was sufficient, and his refusal to award appellant any portion of the two installments is not against the preponderance of the evidence. *Warren v. Warren, supra.*

Affirmed as modified.

CRACRAFT, C.J., and CLONINGER, J., agree.