In re MARRIAGE OF JO ANN MOORE, Plaintiff-Appellee, and JACK MOORE, Defendant-Appellant.

Third District   No. 3—92—0938

Opinion filed September 21, 1993.

Brown, McDonald, Conolly & Davis, of Galesburg (Dawn A. Conolly, of counsel), for appellant.

Barney Olson II, Ltd., of Galesburg (Barney Olson II, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

This is an action for dissolution of marriage in which the defendant, Jack Moore (husband), was given two options under his pension plan. First, he could choose not to elect a survivor's annuity and receive his full pension benefit; second, he could elect a survivor's annuity, and his pension would be reduced to fund the annuity. The trial court ordered the husband to choose the second option, and he appeals. We affirm in part, reverse in part, and remand this cause for further proceedings.

The husband is a postal worker who has a vested pension benefit. The parties stipulated to most property issues. Among other things, the stipulation gave the plaintiff, Jo Ann Moore (wife), 50% of the marital portion of the husband's pension. The remaining 50% of the

marital portion and all of the nonmarital portion of the pension belonged to the husband.

When the husband retires, this pension will be divided into two parts. The husband will receive the larger share, and the wife the smaller, according to a formula agreed to by the parties. The husband has a choice between two plan options. He can choose the full pension with no annuity for a surviving spouse, or the annuity option, which gives the wife a continuing benefit after the husband's death, but is paid for by lesser monthly pension payments while he is living.

The husband argues that if he were required to choose the annuity option, his monthly pension would be lowered to pay for the wife's annuity, and she should compensate him out of her pension payments to compensate for the reduction in his pension. If not, he should be able to control his interest in the marital and nonmarital portion of the annuity.

After a hearing on these issues, the trial court ordered the husband to elect the survivor annuity for the benefit of the wife. The husband received no offset in his pension benefit and received no marital and nonmarital share of the annuity. The effect of the trial judge's order was to award all of the benefits of the survivor annuity to the wife while requiring most of the financial burden to be borne by the husband.

At the outset of our discussion, it should be noted that the pension plan presented in this case is a governmental pension. If this were a private, qualified plan, it would have been subject to a qualified domestic relations order (QDRO). A QDRO would have eliminated the problems presented by this case because the interests of the spouses are divided actuarially by the plan administrator and treated as the separate property of each spouse. Because of the direct allocation to each party in a QDRO, the death of the employee spouse is not a concern.

In this case, since there is no actuarial adjustment, we must review the order of the trial court requiring the husband to choose the annuity option. A trial court's decision on the distribution of property will not be reversed unless the court clearly abused its discretion. (*In re Marriage of Perino* (1992), 224 Ill. App. 3d 605, 608, 587 N.E.2d 54.) " 'In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court but rather did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or, in the view of all the circumstances, exceed the bounds of reason and ignore recognized principles of law so that substantial injustice re-

sulted.' " *In re Marriage of Murphy* (1983), 117 Ill. App. 3d 649, 654, 453 N.E.2d 113, quoting *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126.

The trial judge did not abuse his discretion in ordering the husband to elect a survivor annuity for the benefit of his ex-wife. A survivors benefit is a distinct property interest. (*In re Marriage of Lipkin* (1991), 208 Ill. App. 3d 214, 219, 566 N.E.2d 972.) The annuity, as part of the pension plan, is a property interest to be distributed in the dissolution proceeding. Even though it is of a contingent nature, a survivor's benefit has a determinable value, computed by using life-expectancy tables, and it is properly considered a marital asset. (*In re Marriage of Lipkin*, 208 Ill. App. 3d at 219.) The trial judge acted within the proper range of his discretion to avoid the unnecessary dissipation of this marital asset through either the husband's refusal to elect this annuity or, alternatively, the husband's election of the annuity in favor of a person other than his former wife.

However, we conclude that the trial judge erred as a matter of law in ruling that the wife should be the sole beneficiary of the survivor annuity *and* that no adjustment should be made to the pension amounts received by the parties as a result of the election. Before the trial court may dispose of property in a dissolution of marriage, it must classify the property as either marital or nonmarital. (*In re Marriage of Hagshenas* (1992), 234 Ill. App. 3d 178, 186, 600 N.E.2d 437.) After classification, each spouse's nonmarital property is given to that spouse, and the marital property is divided in just proportions. Ill. Rev. Stat. 1991, ch. 40, par. 503(d).

In a typical case, a trial judge might properly order an employed spouse to elect a survivor annuity for the benefit of the nonemployee former spouse, and then compensate the employee spouse through some other aspect of the marital property distribution. In this case, however, the parties had agreed as to the distribution of all property except the survivor annuity. The parties agreed that a portion of the husband's pension should be considered nonmarital property, and a portion should be considered marital property. The parties also agreed as to the mathematical formula for determining the distribution of the husband's pension between the parties. Under that formula, as of the date of the hearing below, the husband would receive a pension of $1,143.88 per month if no survivor annuity were elected. By ordering the husband to elect the survivor annuity in favor of his ex-wife, the trial judge effectively reduced the amount of the husband's monthly pension to $1,044.56. Thus, the husband's monthly pension payment,

which constitutes both nonmarital and marital property, was reduced by the forced election. While the election of the survivor annuity would only benefit the wife (*Lipkin*, 208 Ill. App. 3d at 219), the husband did not receive any compensation from any other property.

The survivor annuity was the product of the husband's continued long-term employment with the United States Postal Service which occurred before, during, and after the marriage. By forcing the election of the survivor annuity, and being named the sole beneficiary, the wife not only protected her interests in marital property but, also, received benefits resulting from the husband's employment prior to and after the marriage. The husband should not suffer the reduction of his monthly pension payment without some proportional compensation or other benefit.

■ Section 503 of the Illinois Marriage and Dissolution of Marriage Act requires the division of marital property in "just proportions." (Ill. Rev. Stat. 1991, ch. 40, par. 503(d).) In this case, the parties' stipulation precluded the trial judge from compensating the husband through some other aspect of the property distribution. Under these circumstances, the wife must bear the financial burden from her share of the pension that is created by the forced election of the survivor annuity.

Since our decision allows the wife to pay the husband for a full interest in the annuity, essentially buying out his interest in it, we do not need to discuss at length the husband's continued rights in the annuity. We simply note that the trial court could not have deprived the husband of his nonmarital and marital portion of the annuity without compensating him for it.

For the foregoing reasons, the judgment of the circuit court of Knox County is affirmed in part, reversed in part, and remanded for the entry of an order consistent with this decision.

Affirmed in part; reversed in part and remanded.

BARRY and BRESLIN, JJ., concur.