*In re* MARRIAGE OF CHARLOTTE E. HALL, Petitioner-Appellee, and RAYMOND HALL, Respondent-Appellant.

Third District    No. 3—95—0484

Opinion filed March 20, 1996.

James R. Lindig (argued), of Law Offices of Peter F. Ferracuti, P.C., of Ottawa, for appellant.

George G. Leynaud (argued), Rebecca Leynaud Zywica, and James A. Mack, all of Leynaud & Leynaud, of Peru, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Respondent Raymond Hall appeals from an order of the circuit court finding that a workers' compensation settlement was marital property and awarding 50% of the settlement to petitioner Charlotte Hall. We affirm.

The parties were married on December 15, 1991. On February 26, 1993, Raymond was injured in a work-related accident when he was sprayed with caustic soda while making a delivery to a chemical plant. He suffered burns on his face, chin, neck and feet. Following treatment, Raymond continued to complain of coldness and loss of feeling in his feet, which affected his ability to drive a truck. While Raymond's workers' compensation claim was pending, the parties' marriage was dissolved on September 22, 1994. The judgment of dissolution reserved the classification and allocation of the compensation claim until a settlement was reached. The claim was settled on April 18, 1995, for a lump sum of $80,000. Raymond filed a petition for classification and allocation, and on June 27, 1995, the trial court ruled that the settlement was marital property and that the net amount of $57,201 was to be divided equally between Raymond and Charlotte.

■ Raymond first contends that the trial court erred in classifying the entire workers' compensation settlement as marital property. Raymond argues that since the settlement is compensation for his diminished earning capacity, and since that diminished capacity continues far beyond the date of dissolution, the bulk of the settlement should be considered nonmarital property. Raymond urges us to adopt the so-called "analytical" approach employed by the fifth district in *In re Marriage of Waggoner*, 261 Ill. App. 3d 787, 634 N.E.2d 1198 (1994). In *Waggoner* the court held that the portions of a workers' compensation award which represent wage loss and medical payments incurred during the marriage should be classified as marital property, while the portion which replaces wages lost after dissolution should be classified as nonmarital.

This court held in *In re Marriage of Dettore*, 86 Ill. App. 3d 540, 408 N.E.2d 429 (1980), that where a claim for a workers' compensation award accrues during marriage, the award is marital property, regardless of when it is received. We reaffirmed that decision in *In re Marriage of Thomas*, 89 Ill. App. 3d 81, 411 N.E.2d 552 (1980), and we continue to adhere to it in this case. As noted in *Dettore*, the classification of property as marital or nonmarital is controlled by section 503 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/503 (West 1994)). That section provides that *all* property acquired by either spouse after marriage is marital property, except for certain enumerated exceptions. None of the listed exceptions make reference to workers' compensation claims. " 'It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent.' " *In re Marriage of Lukas*, 83 Ill. App. 3d 606, 613, 404 N.E.2d 545, 550 (1980), quoting *Beckmire v. Ristokrat Clay Products Co.*, 36 Ill. App. 3d 411, 415, 343 N.E.2d 530, 534 (1976). Furthermore, as explained in *Dettore*, any potential unfairness that may result from classifying a compensation award as marital property can be remedied by the trial court:

> "Today's result should not be seen as a setback or an affront to injured and disabled workers of our State. It should be recalled that the trial court is commanded by statute to consider the physical health of the parties [citation] as well as their future economic prospects [citation] when apportioning the marital property of the parties. Such consideration may well sustain a decision to apportion all of a workman's compensation award to the injured party. It does insure that the needs of the injured claimant will be balanced against the needs of the spouse and the children." *Dettore*, 86 Ill. App. 3d at 542, 408 N.E.2d at 431.

We find that the trial court did not err in classifying the workers' compensation settlement as marital property.

Raymond further contends that even if the compensation settlement was properly classified, the trial court abused its discretion in awarding 50% to Charlotte. Raymond maintains that his ability to earn a living has been greatly diminished by his work-related injuries. He also argues that the trial court failed to give sufficient consideration to the short duration of the marriage.

■ Section 503(d) of the Act directs the trial court to divide marital property in just proportions after considering all relevant factors. 750 ILCS 5/503(d) (West 1994). The trial court's distribution of marital assets will not be disturbed unless the court clearly abused its discretion. *In re Marriage of Moore*, 251 Ill. App. 3d 41, 621 N.E.2d 239 (1993). In considering whether the court abused its discretion, the question is not whether a reviewing court agrees with the trial court (*Moore*, 251 Ill. App. 3d 41, 621 N.E.2d 239); an abuse of discretion occurs only where no reasonable person would take the view adopted by the court (*In re Marriage of Click*, 169 Ill. App. 3d 48, 523 N.E.2d 169 (1988)).

■ In this case, the trial court specifically noted that it had reviewed the factors listed in section 503(d). The court found three statutory factors to be particularly relevant: (1) the duration of the marriage; (2) the age, health, station, occupation, amount and source of income, vocational skills, employability and needs of the parties; and (3) the reasonable opportunity of each spouse for future acquisition of assets and income. See 750 ILCS 5/503(d)(4), (d)(8), (d)(11) (West 1994). The court pointed out that Charlotte was in her mid-50's, had a ninth-grade education, no training, had some physical problems, and had not worked in many years. The court stated that even taking into consideration Raymond's partial loss of ability to earn future income, he still had a substantially greater ability to acquire assets and income than Charlotte. With respect to the duration of the marriage, the court indicated that it would have awarded a larger share of the marital estate to Charlotte, but the length of the marriage weighed in Raymond's favor.

We find no abuse of discretion by the trial court. On the contrary, it is evident that the court carefully considered the relevant factors and made what it considered to be a fair and equitable decision. While Raymond may disagree with that decision, we cannot say that no reasonable person would take the view adopted by the trial court.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

HOLDRIDGE, P.J., and MICHELA, J., concur.