571 P.2d 294

**Beverly Ann WOODWARD, Appellant,**

v.

**Eldon Delos WOODWARD, Appellee.**

**No. 1 CA-CIV 3241.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 3, 1977.

---

Dennis P. Turnage, Phoenix, for appellant.

Thomas W. Foster, Phoenix, for appellee.

## OPINION

FROEB, Chief Judge.

In a decree of dissolution of marriage entered on April 22, 1975, the trial court refused to consider nonvested military retirement benefits as property. Beverly Woodward appeals from the judgment.

The Woodwards were married April 19, 1957, in Kansas. Appellee became an officer in the United States Air Force in July, 1957. The Woodwards remained domiciled in Kansas until 1972, when they changed their domicile to California. Eldon Woodward has since kept California as his domicile, but Beverly Woodward has been domiciled in Arizona since August, 1973.

At the time of the dissolution, Eldon Woodward had been in the Air Force for almost 18 years. He accrues percentage points towards his retirement which are related to his time in service. He is eligible to retire and to receive a pension when he has completed 20 years. He does not have to retire at that time, however, and is guaranteed 26 years of service before forced retirement.

Beverly Woodward contends that the trial court erred in failing to treat the military retirement benefits as community property and to divide them in the dissolution proceeding. She argues that she is entitled to one-half of the property interest represented by the retirement credits accumulated during the marriage.

Since the trial court entered its decree in this case, the Arizona Supreme Court, in

*Van Loan v. Van Loan,* Ariz., 569 P.2d 214 (filed July 22, 1977), decided that the community acquires a property right in non-vested retirement benefits and that, to the extent that such property right is earned through community effort, it is divisible by the court upon dissolution of the marriage.

The trial court found that as a matter of law the military retirement benefits in this case were not property and, therefore, did not consider them in its division of community property. As *Van Loan* reaches the opposite conclusion, we must reverse and remand to the trial court for a proper disposition of the military retirement benefits.

The computation of the interests of the parties in this case involves a number of complex issues which we do not attempt to resolve as they are not before us on this appeal. *See, e. g.,* Young, *Community Property—Deferred Compensation: Disposition of Military Retired Pay upon Dissolution of Marriage,* 50 Wash.L.Rev. 505 (1977) and Simon, *Toward a More Equitable Distribution of Pension Benefits,* 3 Southern U.L.Rev. 51 (1976). Nevertheless, for the guidance of the trial court in dividing this property interest on remand, we shall briefly discuss some of these issues.

■ We state at the outset that there may well be more than one method or formula which the trial court can use in making a division of this property. For that reason we do not purport to announce a rule for the trial court to follow. The retirement benefits, when they are paid in the future, will have partially resulted from credits accumulated by Eldon Woodward during the 214 months when his military career and the marriage coincided. Thus the share of retirement benefits belonging to Beverly Woodward will be calculated by reference to a formula in which one of the factors is either 214 months or the number of retirement credits represented by 214 months. In other words, the present division of the property right is made by reference to the credits accumulated during the marriage.

The credits themselves must be characterized as either separate property or community property in order to determine what share of the monthly retirement benefits will be considered as separate property or community property.

■ In the present case some credits were accumulated while the parties were domiciled in a noncommunity property state (Kansas) whereas others were accumulated while the parties were domiciled in a community property state (California). Under the usual conflict of laws rule, the court would look to the domicile of the parties at the time the property was acquired to characterize it as separate or community. *Jizmejian v. Jizmejian,* 16 Ariz.App. 270, 492 P.2d 1208 (1972). If we assume, however, without deciding, that A.R.S. § 25–318, relating to the disposition of property at dissolution, is applicable, then the section would supersede the usual conflicts rule mentioned above. Under A.R.S. § 25–318, ". . . property acquired by either spouse outside the state shall be deemed to be community property if said property would have been community property if acquired in this state." The effect of the statute would be to render all the credits accumulated during the 214 month period divisible as community property. Since A.R.S. § 25–318 was enacted in 1973 and only part of the credits were accumulated prior to 1973, the trial court must determine whether the statute is to have retroactive application. As we do not have these issues before us, we do not rule one way or the other as to them.

■ In conclusion, what we have to say about the division of this property must be considered as part of the broader duty placed upon the trial court in dissolution proceedings to divide the property of the parties "equitably." A.R.S. § 25–318.

For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings.

NELSON, P. J., and HAIRE, J., concur.