608 P.2d 329

In re the Marriage of Patricia Marie BUGH, Petitioner-Appellant,

v.

Richard Warren BUGH, Respondent-Appellee.

No. 1 CA-CIV 4357.

Court of Appeals of Arizona, Division 1, Department B.

March 11, 1980.

Maricopa County Legal Aid Society by Kerry Moore Miller, Lois T. Kermott, Phoenix, for petitioner-appellant.

Richard Warren Bugh, pro. per.

OPINION

O'CONNOR, Judge.

Appellant has appealed from a decree of dissolution on the sole basis that the trial court erred in determining that a workmen's compensation award to appellee during the marriage for industrial injuries received during the marriage was the sole and separate property of the appellee upon dissolution of the marriage.

Appellee failed to file an answering brief in this appeal. Where debatable issues are raised, the failure of an appellee to file an answering brief constitutes a confession of reversible error. *Barrett v. Hiney,* 94 Ariz. 133, 382 P.2d 240 (1963); *Turf Irrigation Waterworks Supply v. Mountain States Telephone & Telegraph Co.,* 24 Ariz. App. 537, 540 P.2d 156 (1975); *Liberty Mutual Insurance Co. v. MacLeod,* 17 Ariz.App. 449, 498 P.2d 523 (1972); *Civil Service Employees Insurance Co. v. Sticht,* 14 Ariz.App. 36, 480 P.2d 373 (1971).

However, neither rule 7(a)[2], Rules of the Supreme Court, 17A A.R.S., nor the cases make reversal mandatory even though there is a debatable issue and no answering brief is filed. *Childs v. Frederickson,* 21 Ariz. 248, 187 P. 573 (1920); *Counterman v. Counterman,* 6 Ariz.App. 454, 433 P.2d 307 (1967); *Blech v. Blech,* 6 Ariz.App. 131, 430 P.2d 710 (1967); *Hoffman v. Hoffman,* 4 Ariz.App. 83, 417 P.2d 717 (1966).

The issue raised in this case is purely a legal one. The facts are not in dispute. There is no reported Arizona decision involving the nature of workmen's compensation benefits received by a former spouse *after* the dissolution of the marriage based on an award made during the marriage. We have determined that the issue is one which we should consider on the merits notwithstanding the general rule of reversal on confession of error in cases involving a debatable issue.

■ Workmen's compensation is awarded to an injured employee "in lieu of lost wages and not as damages for pain, suffering and monetary loss caused by the fault of the employer." *Sorenson v. Six Companies*, 53 Ariz. 83, 90, 85 P.2d 980, 983 (1939). "Lost earning capacity" is the basis of the award. *Raban v. Industrial Commission*, 25 Ariz.App. 159, 541 P.2d 950 (1975); *Altamirano v. Industrial Commission*, 22 Ariz.App. 379, 527 P.2d 1096 (1974). *See* 2 A. Larsen, Workmen's Compensation Law § 57.00, at 10–1 (1976). Consequently, the Arizona Supreme Court has held that workmen's compensation payments during marriage are community property. *Dawson v. McNaney*, 71 Ariz. 79, 223 P.2d 907 (1950). The court reasoned that payment is based "upon compensation for loss of earning capacity, which during coverture is related to the earning power of the community." 71 Ariz. at 84, 223 P.2d at 910. Quoting a California case, the court stated that "any act by which either husband or wife is deprived of the capacity to render services diminishes the capacity to accumulate community property." *Id.* Therefore, the workmen's compensation benefits received during marriage are community property.

■ Similarly, the portion of a personal injury recovery which represents lost wages incurred during marriage also is considered community property. *Jurek v. Jurek*, 124 Ariz. 596, 606 P.2d 812 (1980). In *Jurek* the supreme court modified the long standing rule in this state concerning the nature of personal injury recoveries. The court determined that personal injury recoveries are the separate property of the injured spouse except insofar as the recovery is for lost wages and expenses for hospital and medical care incurred during the marriage. 124 Ariz. at 598, 606 P.2d at 814. However, the court does not discuss the nature of future loss of earnings recovered after the dissolution.

■ In addition, the court gave a new meaning to the word "acquired" in A.R.S. § 25–211. The statute provides:

All property *acquired* by either husband or wife *during the marriage*, except that which is acquired by gift, devise or descent, is the community property of the husband and wife. (emphasis added)

The court determined that the word "acquired" should be read and interpreted in light of the uses and purposes of the community property doctrine. 124 Ariz. at 597–598, 606 P.2d at 813–814. A "right to personal security" is owned by an individual and is brought into the marriage by the individual, thus it is his separate property. The right is not "acquired during marriage." Compensation for a violation of the right, whether or not the injury occurred during the marriage, is also separate property.

The court also pointed out that recovery for lost earnings by a spouse during marriage is community property. The right to receive the earnings was "acquired" during the period of the marriage when the wages were earned. However, the court did not discuss the nature of a recovery for future loss of earnings after the dissolution of marriage.

Workmen's compensation is designated as a "lost earning capacity" award. It is not an award for personal injuries or pain and suffering. Workmen's compensation paid during the marriage is compensation for earnings that otherwise would be paid to and earned by the community *during the disability period* while the marriage is intact. Likewise workmen's compensation paid after the community has been dissolved is compensation for earnings that otherwise would be paid to and earned by the injured worker *during the disability period* after the marriage.

■ There are no Arizona cases regarding the nature of workmen's compensation received *after* the dissolution of marriage. No issue was raised in *Jurek* regarding the nature of workmen's compensation, 124 Ariz. at 596 n. 1, 606 P.2d at 812 n. 1, nor the nature of future loss of earnings after dissolution. It is our opinion that such benefits paid to the injured worker after the dissolution of marriage for injuries received during the marriage are the separate property of the worker after the dissolution.

According to general community property law principles, when a marriage is dissolved, the earnings of each individual after the dissolution are the separate property of each individual. The wages are the result of the efforts of the individual, not the dissolved community. However, when the earnings received after dissolution are in the form of retirement benefits or pension or profit sharing plans and are deferred compensation for work performed during the marriage, then there is a community property interest in the earnings. *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977); *Woodward v. Woodward*, 117 Ariz. 148, 571 P.2d 294 (App.1977); *Provinzano v. Provinzano*, 116 Ariz. 571, 570 P.2d 513 (App.1977). As discussed earlier, workmen's compensation is based on the loss of earning capacity during the period of disability. There does not appear to be any element of retirement benefit or pension or profit sharing plan in a workmen's compensation award. *Flowers v. Flowers*, 118 Ariz. 577, 580, 578 P.2d 1006, 1009 (App. 1978) (special concurring opinion). Consequently, the workmen's compensation award received after dissolution of marriage for injuries received during marriage is the separate property of the worker.

California and Texas treat workmen's compensation benefits received during the marriage as community property and as separate property after the dissolution of the marriage. *In re Marriage of McDonald*, 52 Cal.App.3d 509, 125 Cal.Rptr. 160 (1975); *Hicks v. Hicks*, 546 S.W.2d 71 (Tex.Civ.App. 1976).

We are aware that there are a number of recent court of appeals decisions regarding the nature of disability benefits received during marriage and after dissolution of marriage. With the exception of the special concurring opinion in *Flowers*,[1] not one of the cases refers to workmen's compensation. Furthermore, we do not think the analysis or reasoning involved in determining the nature of other kinds of disability benefits is necessarily applicable to workmen's compensation.[2]

Finally, A.R.S. § 23–1068 provides that workmen's compensation benefits are not assignable and shall not pass to another person by operation of law. Arguably, the statute is an expression of legislative intent that the benefits are not to be assigned to the non-injured spouse upon dissolution of the marriage. However, our holding is not based solely on the provision of the statute.

We hold that workmen's compensation benefits paid to the injured worker after the dissolution of the worker's marriage for injuries received during the marriage are the separate property of the worker after the dissolution. The judgment and findings of the trial court are affirmed.

EUBANK, P. J. and HAIRE, J., concurring.

1. 118 Ariz. at 580–82, 578 P.2d at 1009–11. Judge Jacobson reaches the conclusion that "pure disability" benefits, such as workmen's compensation, after divorce, are the separate property of the disabled party. However, he reasoned that after divorce the benefits are acquired by lucrative title (or gift) and are therefore separate property. We disagree with his reasoning. Since the facts of *Flowers* involved civil service disability payments, reference to workmen's compensation is only dictum.

2. *See Flowers v. Flowers*, 118 Ariz. 577, 578 P.2d 1006 (App.1978) (holding disability benefits from U.S. Civil Service are community property); *Provinzano v. Provinzano*, 116 Ariz. 571, 570 P.2d 513 (App.1977) (holding military service disability payments are community property). *But see Rickman v. Rickman*, 124 Ariz. 507, 605 P.2d 909 (1980) (holding Veterans' Administration disability payments are separate property after dissolution of marriage); *Luna v. Luna*, 125 Ariz. 120, 608 P.2d 57 (App.1979) (holding Social Security disability payments and military disability payments are separate property after dissolution of marriage).

*Cf. Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) (holding Railroad Retirement benefits are not community property by congressional action).