NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In the Matter of:

TEN THOUSAND DOLLARS ($10,000.00)
IN UNITED STATES CURRENCY.

STATE OF ARIZONA,
*Plaintiff/Appellant*,

*v.*

LEOPOLD SALEEM,
*Claimant/Appellee*.

No. 1 CA-CV 14-0379
FILED 2-26-2015

Appeal from the Superior Court in Maricopa County
No. CV2012-018339
The Honorable Robert H. Oberbillig, Judge

**REVERSED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Peter S. Spaw
*Counsel for Plaintiff/Appellant*

Leopold Saleem, Ft. Grant
*Claimant/Appellee*

_____

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

_____

**J O H N S E N**, Judge:

**¶1** The State appeals the superior court's grant of summary judgment in a civil forfeiture proceeding. We reverse the judgment and remand for further proceedings.

**¶2** After a drug dog alerted to currency in Leopold Saleem's bag at the airport, the State seized the currency for forfeiture. Saleem filed a claim of interest and in due course moved for summary judgment, arguing there was insufficient evidence to link the money to the sale or possession of drugs. *See In re Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, 217 Ariz. 199, 201, ¶ 7 (App. 2007). In response, the State argued that the drug-dog alert and Saleem's drug-related criminal history established a link sufficient to withstand summary judgment. The court granted Saleem's motion and the State appealed. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1), -2101(A)(1) (2015).[1]

**¶3** Saleem failed to file an answering brief after receiving notice of the appeal and notice of the filing deadline. We hold this failure constitutes a confession of reversible error. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980) ("Where debatable issues are raised, the failure of an appellee to file an answering brief constitutes a confession of reversible error."). Accordingly, we reverse the judgment and remand for further proceedings.

**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama

_____

[1] Absent material revisions after the relevant date, we cite a statute's current version.