NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ZURIYA AMEDOVSKI, *Petitioner/Appellee*,

*v.*

TURAN AMEDOVSKI, *Respondent/Appellant*.

No. 1 CA-CV 18-0380 FC
FILED 2-26-2019

Appeal from the Superior Court in Maricopa County
No. FN2016-001539
The Honorable Scott Minder, Judge

**AFFIRMED**

COUNSEL

The Ber Law Firm, Phoenix
By Hershel Ber
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1** Turan Amedovski ("Husband") appeals the superior court's order denying his motion to set aside the decree dissolving his marriage to Zuriya Amedovski ("Wife"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** Wife filed for dissolution of the marriage in 2016. The parties disputed the division of community property and whether the court should award Wife spousal maintenance. Husband did not appear for trial, which took place on February 20, 2018, and the court heard Wife's evidence in his absence. The court entered a decree on March 5 granting Wife $1,200 per month as spousal maintenance for 60 months and dividing the community property as she had proposed.

**¶3** On March 9, Husband filed a motion to set aside the decree under Arizona Rule of Family Law Procedure ("Rule" or "ARFLP") 85(b)(1) and (6). He asserted that he erroneously calendared the trial date for February 28, a mistake he claimed constituted "excusable neglect" under Rule 85(b)(1). He also cited his general poor health and explained that when he learned of his calendaring error he suffered an anxiety attack that required a hospital visit on February 23, 2018. Husband's motion was not supported by an affidavit or other evidence, but he attached some medical records to his reply to support his claim of ill health and his February 23 hospital visit. The superior court denied the motion to set aside, finding that Husband's calendaring error was the result of carelessness or lack of attention to detail and did not constitute "excusable neglect." Husband now appeals.

## DISCUSSION

**¶4** As an initial matter, this Court could consider Wife's failure to file an answering brief as a confession of error; however, in the exercise of our discretion, we consider the merits of the issues raised on appeal. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

**¶5**        Husband challenges the superior court's determination that his calendaring error did not constitute "excusable neglect" under Rule 85(b)(1). The superior court has broad discretion in addressing a motion to set aside a decree, and this Court reviews the ruling for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). We therefore will uphold the court's denial of a motion for relief from judgment unless "undisputed facts and circumstances . . . require a contrary ruling as a matter of law." *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 121 (1957) (applying Arizona Rule of Civil Procedure 60); *see also Duckstein*, 230 Ariz. at 231, ¶ 8 (because language of ARFLP 85(b) is "substantially the same as the language" in Ariz. R. Civ. P. 60(c), case law interpreting the latter will apply to the former).

**¶6**        The superior court may relieve a party from judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect.  ARFLP 85(b)(1). "Carelessness does not equate with excusable neglect." *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993). "Rather, the test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances." *Daou v. Harris*, 139 Ariz. 353, 359 (1984). Thus, a party's diligence—or lack thereof—is the "final arbiter of whether mistake or neglect is excusable."  *City of Phoenix v. Geyler*, 144 Ariz. 323, 332 (1985).

**¶7**        Husband had ample notice of the correct trial date. In November 2017, the superior court issued a minute entry setting the dissolution trial for February 20, 2018. Wife referenced that trial date in the caption of her Amended Pretrial Statement, which she filed and mailed to Husband's post office box on February 13, 2018, and in correspondence she sent to Husband on February 14, 2018. Nevertheless, he argues he mis-calendared the date not merely because of carelessness, but because of "physical and mental impediments to his cognitive abilities." Even assuming Husband advanced that argument in his motion to set aside the decree, he did not offer any evidence that his medical issues prevented him from exercising due care to properly calendar the trial date.

**¶8**        Moreover, Husband had a history of not diligently participating in the dissolution proceeding. He did not respond to Wife's petition until after she filed an application for entry of default, did not file an Affidavit of Financial Information, and did not timely respond to Wife's discovery requests. Additionally, Husband did not appear for a court-ordered Early Resolution Conference, resulting in the court assessing him a $100 fee. Wife was unable to contact Husband to jointly prepare a pretrial statement, and Husband did not submit any exhibits for trial.

¶9    Under these circumstances, the record supports the superior court's conclusion that Husband's calendaring error was the result of carelessness, not excusable neglect.

## CONCLUSION

¶10    For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA