NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MATTHEW F., *Appellant*,

*v.*

GABRIELLE N., R.F., *Appellees*.

No. 1 CA-JV 19-0222
FILED 12-10-2019

Appeal from the Superior Court in Yuma County
No. V1300SV201880003
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

**T H U M M A,** Judge:

¶1        Mathew F. (Father) challenges the superior court's order terminating his parental rights to his biological child R.F. Father argues the court erred in terminating his rights and in finding termination was in the child's best interests. Because sufficient evidence supports both findings, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        R.F. was born in 2010 to Father and Gabrielle N. (Mother). Mother and Father dated for many years but never married. When R.F. was 18 months old, the couple broke up while Father was serving time in prison for felony convictions. Mother then began a relationship with, and eventually married, Daniel H. After being released from prison in 2013, Father committed additional felony offenses and, in February 2018, was sentenced to another prison term, this time for two years and five months. Shortly after Father's sentencing, Mother petitioned to terminate his parental rights based on abandonment, nature of felony conviction and length of felony sentence. *See* A.R.S. § 8-533(B) (2019).

¶3        After a one-day severance adjudication in June 2019, during which Mother, Daniel H. and Father testified, the court granted Mother's motion based on abandonment and length of felony sentence, also finding severance was in R.F.'s best interests. This court has jurisdiction over Father's timely appeal pursuant to Article 6, Section, 9, of the Arizona Constitution, A.R.S. § 8-235(A), 12-120.21(A) and 12-2101(A) and Ariz. R.P. Juv. Ct. 103-104 (2019).[1]

## DISCUSSION

¶4        As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz.*

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. Although Father's failure to file an answering brief could be deemed a concession of error, in the exercise of its discretion and because a child's best interests are implicated, this court will address the merits of the issues raised on appeal. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

*Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights so long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citations omitted).

## I. Sufficient Evidence Supports the Abandonment Finding.

¶5 Father first argues there was insufficient evidence to support abandonment. *See* A.R.S. § 8-533(B)(1). Abandonment is defined as

> the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1). "[A]bandonment is measured not by a parent's subjective intent, but by the parent's conduct: the statute asks whether a parent has provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parental relationship." *Michael J.*, 196 Ariz. at 249–50 ¶18. "'What constitutes reasonable support, regular contact, and normal supervision varies from case to case.'" *Id.* at 250 ¶ 20 (citation omitted). "Therefore, questions of abandonment . . . are questions of fact for resolution by the trial court," to which this court defers. *Matter of Appeal in Maricopa Cty. Juvenile Action No. JS-500274*, 167 Ariz. 1, 4 (1990).

¶6 Father has not shown the superior court abused its discretion in finding abandonment. Father had limited and intermittent contact with R.F. for much of her life. Father has been in prison repeatedly. When R.F. was about six months old, Father was incarcerated for a year and a half, and he is currently serving a sentence of two and a half years. When not incarcerated, Father had irregular and minimal contact with R.F. After his release from prison in 2013, Father moved to California for several years. Despite testifying that during this time he would regularly call R.F. and send her gifts, the record shows he often failed to call her when he had

promised to do so. Father last saw R.F., who was eight years old at the time of trial, on her third birthday. Father last spoke to her on the phone in January 2017. Moreover, in assessing credibility, the superior court was not required to accept or give full weight to Father's statements.

¶7        Although Mother has prevented Father from contacting R.F. since the January 2017 phone call, the record shows Father failed to develop his relationship with R.F. before that time. Mother testified Father often missed opportunities to bond with R.F. *See Michael J.*, 196 Ariz. at 251 ¶ 25 ("The burden to act as a parent rests with the parent, who should assert his legal rights at the first and every opportunity."); *In re Pima Cty. Juvenile Severance Action No. S–114487*, 179 Ariz. 86, 99 (1994) (affirming termination where the parent "failed to promptly and persistently grasp the opportunity to develop a relationship with his child or assert his legal rights"). While in prison, Father sent one letter to Mother and R.F. To his credit, he also completed several self-improvement classes and worked to obtain a college degree. These efforts, however, are not a substitute for "regular contact, and normal supervision." *Michael J.*, 196 Ariz. at 250 ¶ 20 (citation omitted).

¶8        In recent years, Father has provided minimal and sporadic support at best. Mother obtained a child support order in 2014. Although the parties disputed how often Father made payments and for how much, the court found Father last made payments to Mother in March 2015. There is no evidence compelling a finding that he provided any support for R.F. since that time**.**

¶9        On this record, Father has failed to show that the superior court's findings were not supported by sufficient evidence or otherwise were an abuse of discretion. Accordingly, the abandonment finding is affirmed. Given this conclusion, this court need not address Father's arguments regarding the other statutory grounds for severance. *See Michael J.*, 196 Ariz. at 251 ¶ 27.

## II.        Father Has Not Shown the Superior Court Erred in Finding Termination Was in the Best Interests of the Child.

¶10        Father argues insufficient evidence showed termination was in R.F.'s best interests. This court reviews the best interests finding for an abuse of discretion. *Titus S. v. Dep't of Child Safety*, 244 Ariz. 365, 369 ¶ 15 (App. 2018) (citations omitted). If a court has found the existence of a statutory ground for termination, the court "can presume that the interests of the parent and child diverge." *Alma S. v. Dep't of Child Safety*, 245 Ariz.

146, 150 ¶ 12 (2018) (quoting *Kent K.*, 210 Ariz. at 286 ¶ 35). At that point, the "child's interest in stability and security" are the court's main concern. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4 ¶ 15 (2016) (quoting *Kent K.*, 210 Ariz. at 286 ¶ 34). Termination is in a child's best interests if either the child will benefit from severance or be harmed if the parent-child relationship continues. *See JS-500274*, 167 Ariz. at 5.

¶11 On appeal, Father claims Mother is an unfit parent due to her regular use of marijuana. The trial evidence shows use by Mother but that she has had a medical marijuana card since November 2018 and there is no indication such use has compromised her ability to parent during the time relevant here. Indeed, Father testified Mother is "a good mom" and he has "heard nothing but good things about" Daniel H. Mother and Daniel H. have two children together; Daniel H. has taken care of and provided financial support for R.F. for five years, and he plans to adopt R.F. R.F.'s "prospective adoption is a benefit that can support a best-interests finding." *Demetrius L.*, 239 Ariz. at 4 ¶ 16 (citation omitted). On this record, Father has failed to show the court erred in finding severance was in the best interests of R.F.

## CONCLUSION

¶12 Because Father has shown no error, the superior court's order terminating his parental rights to R.F. is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA