NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

VAUGHN BUSTOS, *Petitioner/Appellant*,

*v.*

LAURA COVARRUBIAS, *Respondent/Appellee*.

JOSE COVARRUBIAS, *Intervenor/Appellee.*

No. 1 CA-CV 20-0095 FC
FILED 10-27-2020

Appeal from the Superior Court in Maricopa County
No. FC2018-008159
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Vaughn Bustos, Phoenix
*Petitioner/Appellant*

Laura Covarrubias, Phoenix
*Respondent/Appellee*

Jose Covarrubias, Phoenix
*Intervenor/Appellee*

---

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1 Vaughn Bustos ("Father") challenges the superior court's parenting-time order. Because Father has shown no error, we affirm the order.

### FACTS AND PROCEDURAL HISTORY

¶2 Father filed a petition to establish his parental rights to the children he shares with Laura Covarrubias ("Mother"): E.C., born in October 2015, and A.G., born in September 2017 ("Children"). Father sought joint legal decision-making and shared parenting time. Mother agreed to recognize Father's parental rights, sought sole legal decision-making authority and requested that Father's parenting time be supervised. When E.C. was born, Mother was married to Jose Covarrubias ("Intervenor"). Mother and Intervenor were divorced by June 2016. Before trial, Intervenor appeared seeking *in loco parentis* parenting time with E.C. At the December 2019 trial, the court took testimony from Father, Mother, and Intervenor.

¶3 After trial, the court found Father was the natural father of the Children. The court denied Intervenor's request for parenting time, but it allowed him to visit the Children during Mother's parenting time.

¶4 The court made detailed findings as to the best interests of the Children pursuant to A.R.S. § 25-403 in awarding legal decision-making and parenting time. The court found it was in the Children's best interests for Mother and Father to share joint legal decision-making authority. The court ordered that Mother be the Children's primary residential parent, and it granted Father unsupervised parenting time every other weekend and every Wednesday night to Thursday morning. The court ordered Father to pay child support to Mother, provide medical insurance for the Children, and split any daycare costs with Mother.

¶5          Father timely filed a notice of appeal.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6          On appeal, Father challenges the trial court's parenting-time order, but he does not contest the court's best-interests findings.  At the outset, we note that although we granted Mother's request for additional time to file her answering brief, she did not file a brief, which could be considered a confession of error.  However, in an exercise of discretion, we will address the merits of the issues raised on appeal.  *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

¶7          We review an order for parenting time and legal decision-making for abuse of discretion.  *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).  "[W]e defer to the court's findings of facts unless they are clearly erroneous."  *Id.*  Father argues the court erred by ignoring a letter from his employer explaining his required work schedule, a schedule which he claims would accommodate his requested parenting time with the Children.  The letter was not included in the record provided to this court.  Although Father claims he "offered" a copy of the letter to the trial court, he did not list the letter as an exhibit in his pre-trial statement.  Furthermore, Father failed to include a transcript of the trial, and we presume the missing transcript would have supported the trial court's ruling.  *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014).

¶8          Even if the trial court did not review Father's letter, the order includes best-interests findings that took into account Father's work schedule.  The court considered that Father works during the week from 6:00 a.m. until 4:00 p.m. and lives alone.  The court also acknowledged that during the pendency of the litigation, Father exercised parenting time with the Children Wednesday through Friday from 4:00 p.m. until 8:00 p.m.

¶9          Ultimately, Father asks this court to reweigh evidence, something we will not do.  *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2012) (citing cases).  Father has not shown the court abused its discretion.  *See Engstrom*, 243 Ariz. at 471, ¶ 4.  Because we affirm the parenting-time order, we need not address Father's request to modify the child-support order, which was premised on a change in parenting time.

**CONCLUSION**

¶10        The court's December 2019 parenting-time and legal decision-making order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA