NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MICHEMANA SERAPHIN, *Petitioner/Appellee*,

*v.*

JIMMY GILOT, *Respondent/Appellant*.

No. 1 CA-CV 20-0573 FC
FILED 5-6-2021

Appeal from the Superior Court in Maricopa County
No.  FC2020-001863, FC2020-002012
The Honorable Aryeh D. Schwartz, Judge

**AFFIRMED**

COUNSEL

Michemana Seraphin, Glendale
*Petitioner/Appellee*

Jimmy Gilot, Phoenix
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

**B A I L E Y**, Judge:

**¶1**            Jimmy Gilot ("Father") appeals the superior court's parenting time order designating Michemana Seraphin ("Mother") as the primary residential parent of their two children, J.G. and K.G.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**            Father and Mother were married for nearly five years before Mother petitioned for legal separation.  Eight days later, Father petitioned for dissolution of marriage.

**¶3**            After an evidentiary hearing, the superior court entered a decree of dissolution.  The court awarded the parties joint legal decision-making and designated Mother as the children's primary residential parent. The order provides for Father to exercise parenting time every Friday morning to Sunday night and for three hours on Tuesday evenings.

**¶4**            We have jurisdiction over Father's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶5**            On appeal, Father argues the court abused its discretion in designating Mother as the primary residential parent, erred in making several factual findings related to the children's best interests, and failed to consider evidence related to Mother's mental health.  "We review parenting time orders for an abuse of discretion." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 5 (App. 2019).  Mother failed to file an answering brief.  When debatable issues are raised, we may treat the failure to file an answering brief as a confession of error.  *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980). Because Father does not raise any debatable issues, we decline to find Mother's failure to file an answering brief a confession of error and address the merits of Father's appeal. *See id.* (explaining reversal is not mandatory although a debatable issue is presented on appeal and no answering brief is filed).

**¶6**            Under A.R.S. § 25-403(A), the court must "determine legal decision-making and parenting time . . . in accordance with the best interests of the child[ren]," and in doing so must "consider all factors that are relevant."  Here, the court made written findings regarding all relevant factors under § 25-403(A).  Additionally, because both parties alleged the

other had committed domestic violence, the court also weighed § 25-403.03(C)'s factors and determined no credible evidence supported a finding that either party had committed an act of domestic violence.

**¶7**　　Father argues the court erred in finding that K.G. was not enrolled in school and that neither party committed domestic violence against the other. We defer to the court's factual findings unless clearly erroneous. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). Contrary to Father's argument regarding K.G., the court determined that neither party presented any evidence that the child was enrolled in school or daycare. As to the domestic violence finding, the court determined no credible evidence was presented to support a conclusion that either party committed domestic violence. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002) (stating the "court, as the trier of fact . . . is in the best position to weigh the evidence, observe the parties, and judge the credibility of the witnesses"). Moreover, because Father failed to file a transcript with this court, we presume the evidence presented at trial supported the court's findings. *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014).

**¶8**　　Finally, Father argues the court failed to consider Mother's mental health. But the court determined that no credible evidence was presented regarding either party's mental health. Thus, the court did not fail to consider this factor. *See Jesus M.*, 203 Ariz. at 280, ¶ 4.

**¶9**　　To the extent Father argues the court erred in designating Mother as the primary residential parent, he has shown no abuse of discretion. *See Woyton*, 247 Ariz. at 531, ¶ 5.

## CONCLUSION

**¶10**　　Because Father has shown no error, we affirm the parenting time order.



AMY M. WOOD • Clerk of the Court
FILED:　AA

3