NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ALEXANDRA MILLER, *Petitioner/Appellee*,

*v.*

SEAN ALEXANDER MILLER, *Respondent/Appellant*.

No. 1 CA-CV 21-0611 FC
FILED 7-21-2022

Appeal from the Superior Court in Maricopa County
No. FN2021-092556
The Honorable Terri L. Clarke, Judge *Pro Tempore*

**REMANDED**

APPEARANCES

Alexandra Miller
*Petitioner/Appellee*

Law Office of Shannon Peters, Phoenix
By Shannon Peters
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

---

**W I L L I A M S**, Judge:

**¶1**　　　　Sean Miller appeals the superior court's ruling continuing an order of protection against him. For the following reasons, we remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　Sean allowed his adult daughter, Alexandra Miller, to live with him. On July 30, 2021, they got into an argument, and Alexandra began moving out. After moving some, but not all, of her belongings out of the home, Sean informed Alexandra she was not allowed back into the home unless they agreed upon a time for her to return. Alexandra tried to schedule a time to return, but Sean refused.

**¶3**　　　　The next day, Alexandra returned to the home—without permission—to retrieve the rest of her belongings. She confronted Sean in his garage; the two argued; and Sean repeatedly told Alexandra to leave. When Sean began to walk into the home, Alexandra followed. Sean then pushed Alexandra out of the doorway, and she fell to the ground. The two gave differing accounts whether Sean touched or kicked Alexandra in the back before ultimately closing the door.

**¶4**　　　　Alexandra petitioned for an *ex parte* order of protection, which the superior court granted. Once served with the protective order, Sean requested a hearing. The court held an evidentiary hearing on September 21st.

**¶5**　　　　At the hearing, Sean moved to admit evidence that Alexandra was trespassing on his property at the time of the altercation. The superior court refused to consider any evidence related to trespassing, finding it irrelevant to whether an act of domestic violence occurred. The court affirmed the order of protection.

¶6          Sean timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).[1]

## DISCUSSION

¶7          We review the superior court's continuation of a protective order for an abuse of discretion. *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012). "A trial court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or 'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision.'" *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014) (quoting *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012)).

¶8          Sean first argues Alexandra's petition was deficient because it failed to allege an act of domestic violence. We disagree.

¶9          When petitioning for an order of protection, the plaintiff must allege a specific act of domestic violence. Ariz. R. Protect. Ord. P. 23(b)(1); A.R.S. § 13-3602. Assault is an act of domestic violence under A.R.S. § 13-3601(A) if committed by, among others, a person related to the victim by blood. *See* A.R.S. § 13-1203 (defining assault).

¶10          In her petition, Alexandra alleged that Sean "slamm[ed] the door on [her] body," "push[ed] [her] . . . until [she] fell to the ground," and "kick[ed] [her] out of the doorway." Alexandra's petition sufficiently alleged an act of domestic violence.

¶11          Sean next argues the superior court erred by refusing to consider or admit evidence of Alexandra's alleged trespass. We agree.

¶12          Section 13-3601(B) provides that "[a]n act of self-defense that is justified under [A.R.S. title 13, chapter 4] is not deemed to be an act of domestic violence." As relevant here, a person does not commit an act of domestic violence when justified in "threatening or using physical force against another when and to the extent that a reasonable person would believe it immediately necessary to prevent or terminate the commission or

---

[1] Alexandra failed to file an answering brief. In our discretion we decline to treat her failure as a concession of reversible error, *see Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994), and instead consider the merits of Father's appeal, *see Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

attempted commission of a criminal trespass by the other person in or upon the premises." A.R.S. § 13-407; A.R.S. § 13-3601(B).

**¶13**      Despite testimony that Alexandra was at Sean's home without his permission, as well as testimony and video evidence that Sean repeatedly asked Alexandra to leave, the superior court refused to consider or admit any evidence of Alexandra's alleged trespass, finding it irrelevant to whether Sean committed an act of domestic violence. But before the court could conclude that Sean committed an act of domestic violence, it was obligated to consider whether Alexandra was trespassing, and if so, whether Sean's acts were justified under A.R.S. § 13-407. The court's failure to do so constitutes error. *See Kimu P. v. ADES*, 218 Ariz. 39, 42, ¶ 11 (App. 2008).

**¶14**      We, therefore, remand for the superior court to: (1) consider evidence of the alleged trespass, (which will likely require an additional evidentiary hearing), and (2) if the court concludes Alexandra trespassed (only for purposes of the order of protection hearing), whether Sean was justified in any use of physical force he used. The order of protection remains in place until further order of the superior court.

## CONCLUSION

**¶15**      We remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA