NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOSHUA PAUL HAARER, *Petitioner/Appellee,*

*v.*

APRIL DAWN HAARER, *Respondent/Appellant.*

No. 1 CA-CV 22-0015 FC
FILED 8-2-2022

Appeal from the Superior Court in Maricopa County
No. FC2017-096296
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

April Dawn Haarer, Gilbert
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

**T H U M M A**, Judge:

¶1        April Dawn Haarer (Mother) appeals from a post-decree order granting Joshua Paul Haarer's (Father) petition to relocate to Michigan with their minor child and to modify parenting time and child support. Because Mother has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father have one minor child together, born in 2011. Father petitioned for divorce in 2017 and the court entered a decree of dissolution in August 2018. The decree awarded equal parenting time and joint legal decision-making, with Father to pay $100 in monthly child support. For a time, those provisions appear to have worked without significant incident.

¶3        In 2020, however, Mother and Father made various competing filings seeking to modify the decree. Father asked to be designated the child's primary residential parent, with sole legal decision-making, to suspend Mother's parenting time, to have her undergo a psychological evaluation and for the appointment of a Court Appointed Advisor (CAA). Father alleged Mother repeatedly violated the decree and court orders by, among other things, threatening actions directed at him and having improper contact with the child. In September 2020, Mother was arrested and charged with disorderly conduct and threatening and intimidation "when she sped her truck towards Father and his step-father in the parking lot of the courthouse." Father obtained a protective order against Mother, and the court admonished her for violating the decree.

¶4        In November 2020, after the appointment of a CAA and an evidentiary hearing, the court issued an order finding that Mother having "unsupervised parenting time with the child would endanger his physical, mental, or moral health or would significantly impair the child's emotional development because of Mother's mental health issues and her inability to control her emotions and impulses." The court ordered supervised parenting time for Mother and denied Father's request to relocate the child to Michigan. The conflict, however, apparently continued.

¶5        In May 2021, Father again petitioned to relocate with the child to Michigan and to modify parenting time and child support. At a September 2021 hearing, Father and Mother testified. In a detailed November 2021 minute entry, the court granted Father's request to relocate, finding that moving to Michigan was in the child's best interests. *See* Ariz.

Rev. Stat. (A.R.S.) §§ 25-403 & -408 (2022).[1] The ruling noted Mother's actions, including her failure to undergo a psychological evaluation and refusal to complete a court-ordered high conflict group course, "caus[ed] the [c]ourt to have serious concerns about Mother's mental health." Finding "Mother [had] not opted to take the steps necessary to increase her parenting time or to remove the requirement that such time be supervised," the court affirmed the November 2020 parenting time orders and ordered Mother to pay $335 in monthly child support.

¶6         This court has jurisdiction over Mother's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2). *See also Yee v. Yee*, 251 Ariz. 71, 73 ¶ 1 (App. 2021).

## DISCUSSION

¶7         Mother argues the court erred in granting relocation. She also claims the court erred in allowing Father to assert "erroneous claims against her" that are "nothing short of perjury," in ignoring evidence and acting improperly and in requiring Mother to undergo a forensic psychiatric evaluation. On the record presented, Mother has shown no reversible error.

## I.      The Briefing on Appeal.

¶8         Although Father did not file an answering brief, this court will not treat that failure as a concession of error because the best interests of a child are at issue. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980). Mother's opening brief disregards various procedural requirements, resulting in waiver. *See* ARCAP 13(a)(1), (2), (4) & (7)(A). Her brief also includes factual statements not supported by the record. *See Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 ¶ 7 n.2 (App. 2011). Evidence that is not part of the record on appeal will not be considered. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4-5 (App. 1990).[2] Mother also cannot

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Mother filed a "Motion to Supplement the Record with Trial Audio Disc," attaching additional documents and a recording of the September 2021 trial, asking this court to "hear[] the audio." The court, in its discretion, denies Mother's request to take judicial notice. Ariz. R. Evid. 201. The request also is untimely, ARCAP 11(f), and the court denies the request to consider witness credibility, *Hurd v. Hurd,* 223 Ariz. 48, 52 ¶ 16 (App. 2009).

assert new arguments for the first time on appeal. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007). Apart from these instances of waiver, Mother's arguments on appeal fail.

## II.     Mother Has Shown No Error in Allowing Relocation.

**¶9**          This court reviews an order allowing relocation for an abuse of discretion. *See Vincent v. Nelson*, 238 Ariz. 150, 155 ¶¶ 16-17 (App. 2015). A relocation request is fact-intensive, with significant deference owed to the superior court's ruling. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). Mother argues the superior court erred by failing to consider the child's best interests in granting Father's relocation request. The record is to the contrary; the court exhaustively analyzed each relevant factor set forth in A.R.S. §§ 25-403(A) and -408(I). In doing so, the court made specific findings that, given Mother's actions and her failure to comply with court orders, relocation was in the child's best interests.

**¶10**          Mother next argues the court's direction that she "just refer to [the] last order instead" (apparently for supervised parenting time) "do[es] not make sense for the relocation situation." Mother, however, has not developed or supported this argument, meaning it is waived. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2 (App. 2007) (where party mentions an "argument in passing" in an opening brief, but "cites no relevant supporting authority and does not develop it further," the issue is waived). Moreover, the November 2020 order allowed Mother up to four hours of supervised parenting time each week, which she still has a right to exercise in Michigan, and she has not shown that she made any competing request to change the order that the superior court improperly denied. For these reasons, Mother has not shown that the court abused its discretion in granting Father's request to relocate with the child to Michigan. *Hurd*, 223 Ariz. at 52 ¶¶ 16, 19.

### III. Mother Has Not Supported the Other Issues She Seeks to Press on Appeal.

¶11      Mother argues on appeal that Father and his counsel committed perjury by asserting claims against her. Mother, however, did not object on that ground and provides no record support for her argument on appeal. The court also rejects the other arguments Mother seeks to press on appeal that are not supported by the record. Finally, to the extent that Mother challenges the court's November 2020 order requiring her to undergo a psychological evaluation, she did not timely appeal from that order, which is not properly before this court.

### CONCLUSION

¶12      The order is affirmed.

