NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ALLAN K. MORGAL, *Plaintiff/Appellant*,

*v.*

GERALD M. STOBBS, *Defendant/Appellee*.

No. 1 CA-CV 25-0081
FILED 01-27-2026

---

Appeal from the Superior Court in Maricopa County
No. CV2008-026481
The Honorable Mary Collins Cronin, Judge

**AFFIRMED**

---

COUNSEL

Allan K. Morgal, Phoenix
*Plaintiff/Appellant*

Leavell & Rivera, PLC, Phoenix
By Thomas Leavell
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1        Allan Morgal appeals the superior court's order granting Gerald Stobbs' motion to vacate judgment.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2008, Morgal sued Stobbs for various landlord-tenant claims.  After Stobbs failed to answer the complaint, Morgal moved for a default judgment seeking "$34,411.71 in damages, $19,950.00 in punitive and $1,434.00 [in] costs plus pre-judgement [sic] interest from August 2005."

¶3        The superior court entered a default judgment against Stobbs and directed Morgal "to file all evidence regarding damages."   Morgal informed the court he had submitted all the evidence available to him.  After receiving no response from Stobbs, the court entered judgment in July 2010 (the "2010 Judgment").   It awarded Morgal $19,261.40, including $986.19 in costs, with interest to accrue at 10% per annum from the date of judgment.

¶4        Stobbs filed a motion to set aside the default judgment in January 2012, which the court denied.  Three years later, Morgal filed a judgment renewal affidavit which admitted that "a payment of $23,250.00 has been made on June 26, 2012."  The renewal affidavit also alleged Stobbs owed an additional $10,465.59 plus interest from June 3, 2015, for "costs accrued when the debtor avoided service of the judgement [sic] and supplied misleading information to the process server forcing the need for a sister state judgement [sic] in California county of San Diego."   For reasons unclear from the record, the court took no action on Morgal's renewal affidavit.

¶5        Almost a decade later in February 2024, Morgal again filed a motion to renew the 2010 Judgment, which the superior court granted the next month.  In October 2024, Stobbs retained counsel and moved to vacate the judgment on the grounds that it was satisfied by his 2012 payment.

**¶6**        Morgal objected and argued that the 2012 payment did not fully satisfy the judgment, as Stobbs still owed $10,465.59.  The court held oral argument on the matter and issued an order granting Stobbs' motion to vacate the judgment, finding the judgment was fully satisfied.

**¶7**        Morgal timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(2).

## DISCUSSION

**¶8**        Morgal argues the superior court erred in vacating the 2010 Judgment.  We review the court's determination of whether a judgment is satisfied for an abuse of discretion.  *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985).

**¶9**        We note that Stobbs failed to file an answering brief.  When debatable issues are raised, we may treat the failure to file an answering brief as a confession of reversible error.  *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).  But there is no debatable issue here because Morgal waived his argument by failing to comply with applicable court rules.  Morgal's brief provided no record citations or supporting legal authorities, instead merely attaching the memorandum of points and authorities he filed in the superior court in opposition to Stobbs' motion to set aside the renewed judgment.  *See* ARCAP 13(a)(7)(A) (requiring that briefs contain "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies").  His failure to comply with court rules waives his unsupported arguments.  *See In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013).

**¶10**        Since there is no debatable issue, we decline to grant relief based upon confession of error.  *Clay v. Geiser*, No. 1 CA-CV 25-0241, 2025 WL 3707200, *3, ¶ 12 (Ariz. App. Dec. 22, 2025) (mem. decision) (citing *Welch v. United Mut. Benefit Ass'n*, 48 Ariz. 173, 174 (1936)); *see also Carter v. State ex rel. Eyman*, 5 Ariz. App. 415, 415 (1967).

**¶11**        Waiver aside, Morgal's argument is clearly resolved by the record.  After the superior court considered the written motions and oral argument in December 2024, it found the 2010 Judgment was "fully satisfied as shown by the photocopy of the Cashier's Check #1124806642 issued on June 25, 2012, in the amount of $23,250.00."  Moreover, Morgal provided no hearing transcript as required under Arizona Rule of Civil Appellate Procedure 11(c).  "When a party fails to include necessary items, we assume they would support the court's findings and conclusions."  *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (citation omitted); *accord* ARCAP

11(c)(1)(B).  The superior court did not abuse its discretion in finding the 2010 Judgment satisfied.

## CONCLUSION

¶12        We affirm.

