NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DEANNA ELLEN PATTERSON,
*Petitioner/Appellant*,

*v.*

DAVID ISAIAH JACKSON,
*Respondent/Appellee*,

*and*

STATE OF ARIZONA, ex rel., ARIZONA DEPARTMENT
OF ECONOMIC SECURITY, *Third-Party/Appellee*.

No. 1 CA-CV 25-0531 FC

FILED 02-12-2026

Appeal from the Superior Court in Yavapai County
No. S130DO202500206
The Honorable Joseph P. Goldstein, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

DeAnna Ellen Patterson, Prescott
*Petitioner/Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

**W I L L I A M S**, Judge:

**¶1**        DeAnna Patterson ("Mother") appeals the superior court's child support order. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        Mother and David Jackson ("Father") have one child in common. In March 2025, the State petitioned to establish child support for the minor child.[1]

**¶3**        Two months later, both Mother and Father testified at an evidentiary hearing, but neither parent offered any documents or exhibits into evidence. The superior court calculated Father's monthly child support obligation to be $422 per month, exclusive of past support owed.

**¶4**        Father requested a downward deviation from that amount, citing health reasons impacting his ability to work. The court found that a downward deviation from the Child Support Guidelines Worksheet was appropriate and "in the best interest of the child[] . . . when considering [F]ather's bills and ability to work, including [medical] history." Consequently, the court ordered Father to pay $350 per month, plus an additional $50 per month for past support owed.

**¶5**        Mother moved the superior court to reconsider its award. The court declined. Mother timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**        Father failed to file an answering brief, which we may treat as a concession of error. *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980). However, because this case involves a child's best interests, and no debatable issue exists, we will not assume a concession of error here and

---

[1] The State filed a notice of nonparticipation in this appeal.

instead address the appeal on its merits. *See id.*; *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003).

**¶7**        We review child support awards for an abuse of discretion. *Nickel v. Potter*, 256 Ariz. 323, 326, ¶ 9 (App. 2023). A superior court abuses its discretion if its order lacks a competent evidentiary basis. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

**¶8**        Mother first argues the evidence does not support the superior court's child support deviation because Father provided no documentation of his medical condition. To the extent Mother suggests that A.R.S. § 25-320 and Arizona Child Support Guidelines § 5(E) required documentation of Father's medical condition, we reject the argument. Neither the statute nor the guideline expressly requires written documentation, in lieu of testimony, when deviating from a monthly child support calculation.

**¶9**        Mother further contends insufficient evidence supports the superior court's child support award, but she failed to provide transcripts of the evidentiary hearing as Arizona Rule of Civil Appellate Procedure 11(c) requires. "If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding, or conclusion." ARCAP 11(c)(1)(B). Because we have no transcript to review, we presume "the missing portions of the record would support the trial court's findings and conclusions." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003).

**¶10**        As for Mother's argument that Father's testimony was not credible, we cannot reweigh credibility determinations on appeal. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**¶11**        Finally, Mother argues the superior court abused its discretion in denying her motion to reconsider the child support award in light of new evidence she obtained regarding Father's work hours. But the court was not required to consider this new evidence because Mother never explained why she could not have presented it at the evidentiary hearing. *See RT Auto. Ctr., Inc. v Westlake Servs., LLC*, 253 Ariz. 91, 95, ¶ 12 (App. 2022) ("We typically do not consider matters raised for the first time in a motion for reconsideration unless the facts or arguments presented were not available when the court entered the challenged ruling."). Moreover, Mother's primary argument in her motion to reconsider was that Father's

testimony supporting a deviation was not credible absent "up-to-date medical documentation or proof of treatment." Having already addressed that argument, *supra* ¶ 8, Mother has shown no error.

## CONCLUSION

¶12        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR